UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| Belinda Lee Maley, Individually, and on behalf of the Estate of Matthew Clinton Loflin, deceased,<br><br>Plaintiff,<br><br>vs.<br><br>Corizon Health, Inc., a Delaware Corporation; Corizon, LLC, a Missouri Limited Liability Company; Chatham County, a Georgia County; Roy Harris, in his capacity as Acting Chatham County Sheriff; Estate of Al St. Lawrence; John Wilcher, individually and in his capacity as CCDC Jail Administrator; Scott H. Kennedy, M.D.; Adamar Gonzalez, M.D.; Virginia O'Neill,<br><br>Defendants. | CASE NO.: CV416-060 |

## ANSWER TO PLAINTIFF'S COMPLAINT

NOW COME Defendants, Chatham County, Georgia, Roy Harris, in his capacity as Chatham County Sheriff; Estate of Al St. Lawrence; and John Wilcher, individually and in his capacity as CCDC Jail Administrator ("County") and answers Plaintiff's Complaint. County shows the Court the following:

### FIRST DEFENSE

Plaintiff's complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

County is entitled to official and qualified immunity.

## THIRD DEFENSE

County is entitled to sovereign immunity from liability for the allegations recited in Plaintiff's complaint.

## FOURTH DEFENSE

The operation of a sheriff's department is a governmental function for which the County benefits from sovereign immunity from liability.

## FIFTH DEFENSE

Defendant Sheriff is entitled to 11th amendment immunity as to Plaintiff's state law claims.

## SIXTH DEFENSE

County at all times acted in good faith without malice and without an intent to cause injury.

## SEVENTH DEFENSE

Any injuries or damages suffered by Plaintiff is the result of actions or inactions of Plaintiff or others and therefore Plaintiff cannot recover from County.

## EIGHTH DEFENSE

The defendant identified in the caption of this complaint as "Chatham County, a Georgia County" is not a legal entity subject to suit in the courts of this state and any actions purported to be brought against the municipal corporation is a nullity.

## NINTH DEFENSE

County denies that it has violated any of Plaintiff's rights under the 4th, 8th or 14th Amendments to the Constitution of the United States.

## TENTH DEFENSE

County denies that it was deliberately indifferent to the medical needs of Matthew Loflin as proscribed under 42 U.S.C. §1983.

## TWELFTH DEFENSE

Plaintiff's Complaint as to punitive damages should be dismissed as one may not receive punitive damages against County as it is a political subdivision of the State.

## THIRTEENTH DEFENSE

Each and every allegation contained within Plaintiff's Complaint not specifically responded to above is denied, and County demands that Plaintiff be required to strictly prove the same.

## FOURTEENTH DEFENSE

County now responds to the numbered paragraphs of Plaintiff's complaint as follows:

1. County admits paragraph 1 of Plaintiff's complaint.
2. County denies paragraph 2 of Plaintiff's complaint.
3. County admits paragraph 3 of Plaintiff's complaint.
4. County denies as pled paragraph 4 of Plaintiff's complaint.
5. County is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of Plaintiff's complaint and therefore must deny the same.
6. County denies as pled paragraph 6 of Plaintiff's complaint.
7. County denies paragraph 7 of Plaintiff's complaint.
8. County denies paragraph 8 of Plaintiff's complaint.
9. County is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of Plaintiff's complaint and therefore must deny the same.
10. County is without knowledge or information sufficient to form a belief as to the truth of

the allegations contained in paragraph 10 of Plaintiff's complaint and therefore must deny the same.

11. County denies paragraph 11 of Plaintiff's complaint.

12. County denies as pled paragraph 12 of Plaintiff's complaint.

13. County denies paragraph 13 of Plaintiff's complaint.

14. County denies paragraph 14 of Plaintiff's complaint.

15. County denies as pled paragraph 15 of Plaintiff's complaint.

16. County denies as pled paragraph 16 of Plaintiff's complaint.

17. County admits paragraph 17 of Plaintiff's complaint.

18. Upon information and belief County admits the allegations contained in paragraph 18 of Plaintiff's complaint.

19. Upon information and belief, County admits the allegations contained in paragraph 19 of Plaintiff's complaint.

20. Upon information and belief, County admits the allegations contained in paragraph 20 of Plaintiff's complaint.

21. Upon information and belief, County admits the allegations contained in paragraph 21 of Plaintiff's complaint.

22. County admits paragraph 22 of Plaintiff's complaint.

23. County admits paragraph 23 of Plaintiff's complaint.

24. County admits paragraph 24 of Plaintiff's complaint.

25. County admits paragraph 25 of Plaintiff's complaint.

26. County admits paragraph 26 of Plaintiff's complaint.

27. Upon information and belief, County admits paragraph 27 of Plaintiff's complaint.

28. Upon information and belief, County admits paragraph 28 of Plaintiff's complaint.

29. Upon information and belief, County admits paragraph 29 of Plaintiff's complaint.

30. County admits the allegations contained in paragraph 30 of Plaintiff's complaint.

31. County admits the allegations contained in paragraph 31 of Plaintiff's complaint.

32. County admits paragraph 32 of Plaintiff's complaint.

33. County admits paragraph 33 of Plaintiff's complaint.

34. County admits paragraph 34 of Plaintiff's complaint.

35. County is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of Plaintiff's complaint and therefore must deny the same.

36. County is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of Plaintiff's complaint and therefore must deny the same.

37. County is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of Plaintiff's complaint and therefore must deny the same.

38. County denies the allegations contained in paragraph 38 of Plaintiff's complaint.

39. County denies the allegations contained in paragraph 39 of Plaintiff's complaint.

40. County is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of Plaintiff's complaint and therefore must deny the same.

41. County admits paragraph 41 of Plaintiff's complaint.

42. County is without knowledge or information sufficient to form a belief as to the truth of

the allegations contained in paragraph 42 of Plaintiff's complaint and therefore must deny the same.

43. County is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of Plaintiff's complaint and therefore must deny the same.

44. County is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of Plaintiff's complaint and therefore must deny the same.

45. County denies as pled paragraph 45 of Plaintiff's complaint.

46. County is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of Plaintiff's complaint and therefore must deny the same.

47. County is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of Plaintiff's complaint and therefore must deny the same.

48. Upon information and belief, County admits paragraph 48 of Plaintiff's complaint.

49. County is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of Plaintiff's complaint and therefore must deny the same.

50. County is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of Plaintiff's complaint and therefore must deny the same.

51. County admits the allegations contained in paragraph 51 of Plaintiff's complaint.

52. County is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of Plaintiff's complaint and therefore must deny the same.

53. County is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of Plaintiff's complaint and therefore must deny the same.

54. County is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54 of Plaintiff's complaint and therefore must deny the same.

55. County is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 of Plaintiff's complaint and therefore must deny the same.

56. County is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 of Plaintiff's complaint and therefore must deny the same.

57. County is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57 of Plaintiff's complaint and therefore must deny the same.

58. County is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 58 of Plaintiff's complaint and therefore must deny the same.

59. County is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59 of Plaintiff's complaint and therefore must deny

the same.

60. County is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60 of Plaintiff's complaint and therefore must deny the same.

61. County is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61 of Plaintiff's complaint and therefore must deny the same.

62. County is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62 of Plaintiff's complaint and therefore must deny the same.

63. County is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63 of Plaintiff's complaint and therefore must deny the same.

64. County is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 64 of Plaintiff's complaint and therefore must deny the same.

65. County is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 65 of Plaintiff's complaint and therefore must deny the same.

66. County is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 66 of Plaintiff's complaint and therefore must deny the same.

67. County is without knowledge or information sufficient to form a belief as to the truth of

the allegations contained in paragraph 67 of Plaintiff's complaint and therefore must deny the same.

68. County is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 68 of Plaintiff's complaint and therefore must deny the same.

69. County is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69 of Plaintiff's complaint and therefore must deny the same.

70. County is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70 of Plaintiff's complaint and therefore must deny the same.

71. County is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 71 of Plaintiff's complaint and therefore must deny the same.

72. County is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 72 of Plaintiff's complaint and therefore must deny the same.

73. County denies the allegations contained in paragraph 73 of Plaintiff's complaint.

74. County is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 74 of Plaintiff's complaint and therefore must deny the same.

75. County denies the allegations contained in paragraph 75 of Plaintiff's complaint.

76. County is without knowledge or information sufficient to form a belief as to the truth of

the allegations contained in paragraph 76 of Plaintiff's complaint and therefore must deny the same.

77. County is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 77 of Plaintiff's complaint and therefore must deny the same.

78. County is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 78 of Plaintiff's complaint and therefore must deny the same.

79. County is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 79 of Plaintiff's complaint and therefore must deny the same.

80. County is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 80 of Plaintiff's complaint and therefore must deny the same.

81. County is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 81 of Plaintiff's complaint and therefore must deny the same.

82. County is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 82 of Plaintiff's complaint and therefore must deny the same.

83. County is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 83 of Plaintiff's complaint and therefore must deny the same.

84. County is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 84 of Plaintiff's complaint and therefore must deny the same.

85. The foregoing answers to paragraphs 1 through 84 of Plaintiff's complaint are incorporated by reference as if set forth in full herein.

86. Paragraph 86 does not require a response from County. However Defendant Harris denies that Sheriff was deliberately indifferent to the critical needs of Mr. Loflin.

87. County denies the allegations contained in paragraph 87 of Plaintiff's complaint.

88. County denies the allegations contained in paragraph 88 of Plaintiff's complaint.

89. County denies the allegations contained in paragraph 89 of Plaintiff's complaint.

90. County denies the allegations contained in paragraph 90 of Plaintiff's complaint.

91. County denies the allegations contained in paragraph 91 of Plaintiff's complaint.

92. County denies the allegations contained in paragraph 92 of Plaintiff's complaint.

93. County denies the allegations contained in paragraph 93 of Plaintiff's complaint.

94. The foregoing answers to paragraphs 1 through 93 of Plaintiff's complaint are incorporated by reference as if set forth in full herein.

95. Paragraph 95 does not require a response from County.

96. County denies the allegations contained in paragraph 96 of Plaintiff's complaint.

97. County is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 97 of Plaintiff's complaint and therefore must deny the same.

98. County denies the allegations contained in paragraph 98 of Plaintiff's complaint.

99. County denies the allegations contained in paragraph 99 of Plaintiff's complaint.

100. County denies the allegations contained in paragraph 100 of Plaintiff's complaint.

101. County denies the allegations contained in paragraph 101 of Plaintiff's complaint.

102. County denies the allegations contained in paragraph 102 of Plaintiff's complaint.

103. The foregoing answers to paragraphs 1 through 102 of Plaintiff's complaint are incorporated by reference as if set forth in full herein.

104. Paragraph 104 does not require a response from County.

105. County denies the allegations contained in paragraph 105 of Plaintiff's complaint.

106. County denies the allegations contained in paragraph 106 of Plaintiff's complaint.

107. County denies the allegations contained in paragraph 107 of Plaintiff's complaint.

108. The foregoing answers to paragraphs 1 through 107 of Plaintiff's complaint are incorporated by reference as if set forth in full herein.

109. Paragraph 109 does not require a response from County. However Defendants Estate of Al St Lawrence and John Wilcher deny that they were deliberately indifferent to Mr. Loflin's critical medical needs.

110. County denies the allegations contained in paragraph 110 of Plaintiff's complaint.

111. County denies the allegations contained in paragraph 111 of Plaintiff's complaint.

112. County denies the allegations contained in paragraph 112 of Plaintiff's complaint.

113. The foregoing answers to paragraphs 1 through 112 of Plaintiff's complaint are incorporated by reference as if set forth in full herein.

114. County denies the allegations contained in paragraph 114 of Plaintiff's complaint.

115. County denies the allegations contained in paragraph 115 of Plaintiff's complaint.

116. County denies the allegations contained in paragraph 116 of Plaintiff's complaint.

117. County denies as pled the allegations contained in paragraph 117 of Plaintiff's complaint.

County Defendants show that its responses contained within this Answer are based upon all information currently available to County and are interposed in a good faith attempt to address and respond to all allegations within Plaintiff's Complaint. Accordingly, County reserves all rights to amend, supplement, and explain the responses herein above as this case progresses.

WHEREFORE, County Defendants respectfully request that the Court dismiss Plaintiff's complaint.

This 14th day of March, 2016.

/s/ R. Jonathan Hart
R. JONATHAN HART
State Bar No. 333692
/s/ Jennifer R. Burns
JENNIFER R. BURNS
State Bar No. 330328
ATTORNEYS FOR COUNTY

P. O. Box 8161
Savannah, GA  31412
T: (912) 652-7881
F: (912) 652-7887
Email: rjhart@chathamcounty.org;
jburns@chathamcounty.org

## CERTIFICATE OF SERVICE

This is to certify that I have on this day served the below listed party in this case with a copy of the foregoing *Answer to Plaintiff's Complaint* in accordance with the directives from the Court Notice of Electronic Filing ("NEF") which was generated as a result of electronic filing.

    William R. Claiborne, Esq.
    Cameron C. Kuhlman, Esq.
    The Claiborne Firm, P.C.
    410 East Bay Street
    Savannah, GA 31401

    S. Wesley Woolf, Esq.
    408 East Bay Street
    Savannah, GA 31401

This 14th day of March, 2016.

                                        /s/ Jennifer R. Burns
                                        Attorney for Defendant County

P. O. Box 8161
Savannah, GA 31412
T: (912) 652-7881
F: (912) 652-7887
jburns@chathamcounty.org