# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| BELINDA LEE MALEY, individually, and on behalf of the ESTATE OF MATTHEW CLINTON LOFLIN, deceased )<br><br>Plaintiffs, )<br><br>vs. )<br><br>CORIZON HEALTH, INC., a Delaware Corporation; CORIZON, LLC, a Missouri Limited Liability Company; CHATHAM COUNTY, a Georgia County;  ROY HARRIS, in his capacity as Acting CHATHAM COUNTY SHERIFF;  Estate of AL ST LAWRENCE;  JOHN WILCHER, individually and in his capacity as CCDC Jail Administrator;  SCOTT H. KENNEDY, M.D.;  ADAMAR GONZALEZ, M.D.; VIRGINIA O'NEILL )<br><br>Defendants. ) | Civil Action<br>File No. 4:16-cv-00060 |

## ANSWER OF CORIZON HEALTH, INC., A DELAWARE CORPORATION, CORIZON HEALTH, LLC, A MISSOURI LIMITED LIABILITY COMPANY, SCOTT H. KENNEDY, M.D. AND VIRGINIA O'NEILL TO PLAINTIFF'S COMPLAINT

COME NOW Corizon Health, Inc., Corizon, LLC, Scott H. Kennedy, M.D. and Virginia O'Neill and files this their Answer and response to Plaintiff's Complaint and shows the Court the following:

## FIRST DEFENSE

These named Defendants are entitled to official and qualified immunity.

## SECOND DEFENSE

As set forth in paragraph 2 of Plaintiffs' Complaint, Corizon Health, Inc. executed a services contract with Chatham County. The contract was not entered into by Corizon, LLC. Accordingly, Plaintiffs' Complaint fails to state a claim as to Corizon, LLC.

## THIRD DEFENSE

Matthew Clinton Loflin's father (Gene) is alive and is an indispensable party to this lawsuit.

## FOURTH DEFENSE

1.

These named Defendants deny the allegations contained in paragraph 1 of Plaintiffs' Complaint.

2.

These named Defendants deny the allegations contained in paragraph 2 of Plaintiffs' Complaint.

2

3.

In response to paragraph 3 of Plaintiffs' Complaint, these named Defendants admit that Corizon Health, Inc. executed a service contract with Chatham County, Georgia.  The contract speaks for itself, but generally it, in fact, involved the delivery of medical care to inmates at the Chatham County Detention Center. Corizon, LLC was not and is not a party to the services contract.  Anything not specifically admitted in response to paragraph 3 of Plaintiffs' Complaint, is denied.

4.

To the extent paragraph 4 is inconsistent with that contract, such allegations are denied.  Anything not specifically admitted in response to paragraph 4 of Plaintiffs' Complaint, is denied.

5.

In answer to paragraph 5, these named Defendants show that Corizon Health, Inc. is a for profit corporation.  Anything not specifically admitted in this response to paragraph 5 of Plaintiffs' Complaint is denied.

6.

Paragraph 6 of Plaintiffs' Complaint seeks to paraphrase a portion of the contract and to the extent it is inconsistent with the contract, such allegations are denied.  By way of further response, to the extent that paragraph 6 is

argumentative, such arguments are denied.  Anything not specifically admitted in response to paragraph 6 of Plaintiffs' Complaint, is denied.

7.

Paragraph 7 of Plaintiffs' Complaint, is not an allegation of fact, it is an argument.  These named Defendants deny paragraph 7 of Plaintiffs' Complaint.

8.

These named Defendants deny the allegations contained in paragraph 8 of Plaintiffs' Complaint.

9.

These named Defendants deny the allegations contained in paragraph 9 of Plaintiffs' Complaint.

10.

These named Defendants deny the allegations contained in paragraph 10 of Plaintiffs' Complaint.

11.

These named Defendants deny the allegations contained in paragraph 11 of Plaintiffs' Complaint.

12.

These named Defendants deny the allegations contained in paragraph 12 of Plaintiffs' Complaint.

13.

These named Defendants deny the allegations contained in paragraph 13 of Plaintiffs' Complaint. These named Defendants further show that Dr. Kennedy was the regional medical director at all times relevant to the issues in this case, not Dr. Gonzalez.

14.

These named Defendants deny the allegations contained in paragraph 14 of Plaintiffs' Complaint. These named Defendants further show that it is their understanding that Mr. Loflin's father is alive and he is an indispensable party to this lawsuit.

15.

In response to paragraph 15 of Plaintiffs' Complaint, based upon the allegations in the Complaint, these named Defendants deny that this Court has jurisdiction.

16.

These named Defendants deny the allegations contained in paragraph 16 of Plaintiffs' Complaint.

17.

In response to paragraph 17 of Plaintiffs' Complaint, these named Defendants admit that venue is proper.

18.

These named Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of Plaintiffs' Complaint.

19.

These named Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of Plaintiffs' Complaint, but understand that Belinda Maley is the mother of Matthew Loflin. Further, it is these named Defendants' understanding that Matthew Loflin's father, Gene, is alive and he is an indispensable party to this lawsuit.

20.

In response to paragraph 20 of Plaintiffs' Complaint, these named Defendants show that it is their understanding that Mr. Loflin's father is alive and he is an indispensable party to this lawsuit. These named Defendants do not have knowledge and information sufficient to form a belief as to the appointment of Belinda Maley as Executrix.

21.

These named Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of Plaintiffs' Complaint.

6

22.

These named Defendants admit the allegations in paragraph 22 of Plaintiffs'
Complaint to the extent they are correctly identified as Defendants.  Both have
acknowledged service through counsel.

23.

These named Defendants are without knowledge or information sufficient to
form a belief as to the truth of the allegations in paragraphs 23, 24, 25 and 26 of
Plaintiffs' Complaint.

27.

These named Defendants admit the allegations contained in paragraph 27 of
Plaintiffs' Complaint, but shows the correct address is 500 Trinity Lane.

28.

In response to paragraph 28 of Plaintiffs' Complaint, these named
Defendants are unsure as to the exact address of Dr. Gonzalez at this time and
show that she was not the Regional Medical Director at any time prior to Mr.
Loflin's death.  Anything not specifically admitted in this response to paragraph 28
of Plaintiffs' Complaint is denied.

29.

These named Defendants admit the allegations contained in paragraph 29 of
Plaintiffs' Complaint.

30.

While these named Defendants are without knowledge, information or belief as to the truth of the allegations in paragraph 30 of Plaintiffs' Complaint, these named Defendants believe the allegations to be generally true but the exact relationship is unknown.

31.

While these named Defendants are without knowledge, information or belief as to the truth of the allegations in paragraph 31 of Plaintiffs' Complaint, these named Defendants believe the allegations to be true but the exact relationship is unknown.

32.

These named Defendants admit the allegations contained in paragraph 32 of Plaintiffs' Complaint as it pertains to Corizon Health, Inc.   These named Defendants show the services agreement was with Corizon Health, Inc., not Corizon, LLC.  Anything not specifically admitted in response to paragraph 32 of Plaintiffs' Complaint, is denied.

33.

These named Defendants admit that Mr. Loflin was an inmate in the Chatham County Detention Center, but are unsure as to the exact nature of the

reason for the arrest and incarceration.   Anything not specifically admitted in response to paragraph 33 of Plaintiffs' Complaint, is denied.

34.

These named Defendants deny the allegations in paragraph 34 and refer to Mr. Loflin's medical records while at the detention center.   It is not specifically known where these particular allegations came from, but generally there was a Signal 55 for a complaint of fainting, and the Signal 55s were appropriately responded to.   Anything not specifically admitted in response to paragraph 34 of Plaintiffs' Complaint, is denied.

35.

To the extent paragraph 35 of Plaintiffs' Complaint is inconsistent with the medical records, such allegations are denied.   These named Defendants admit that on February 21, 2014, various examinations and medical records were reviewed and an EKG performed.

36.

In response to paragraph 36 of Plaintiffs' Complaint, these named Defendants admit that an EKG was performed which showed a heart rate of 125, and there were no significant abnormalities.   Anything not specifically admitted in this response to paragraph 36 of Plaintiffs' Complaint is denied.

37.

In response in paragraph 37 of Plaintiffs' Complaint, these named Defendants incorporate the medical records.  To the extent such allegations are inconsistent with the medical records or are argumentative, such allegations are denied.  These named Defendants admit that Mr. Loflin was seen on March 3, 2014 with an increased heart rate, no signs of fainting.  Anything not specifically admitted in response to paragraph 37 of Plaintiffs' Complaint, is denied.

38.

In response to paragraph 38 of Plaintiffs' Complaint, these named Defendants deny such allegations to the extent they are inconsistent with the medical records.  Anything not specifically admitted in this response to paragraph 38 of Plaintiffs' Complaint is denied.

39.

In response to paragraphs 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, and 49 of Plaintiffs' Complaint, Plaintiffs set forth in some details specific dates and names, along with a description of events.  These named Defendants admit that Mr. Loflin was an inmate in the Chatham County Detention Center during the dates alleged and admit that Mr. Loflin saw various medical providers and various tests were performed.  These Defendants are unable to specifically respond to each paragraph, especially with regard to a summary or interpretation of the facts in the record.

Accordingly, to the extent that such allegations in paragraphs 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, and 49 deviate, depart or inaccurate descriptions, such are denied. Anything not specifically admitted in this response to paragraphs 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, and 49, is denied.

50.

These named Defendants deny the allegations contained in paragraph 50 of Plaintiffs' Complaint.

51.

These named Defendants deny the allegations contained in paragraph 51 of Plaintiffs' Complaint.

52.

In response to paragraph 52 of Plaintiffs' Complaint, these Defendants admit that there were conference calls concerning the patient and one of the topics discussed was outside medical providers. Anything not specifically admitted in response to paragraph 52 is denied.

53.

These named Defendants deny the allegations contained in paragraph 53 of Plaintiffs' Complaint.

54.

These named Defendants deny the allegations contained in paragraph 54 of Plaintiffs'' Complaint.

55.

These named Defendants deny the allegations contained in paragraph 55 of Plaintiffs' Complaint.

56.

These named Defendants admit the allegations contained in paragraph 56 of Plaintiffs' Complaint.

57.

These named Defendants deny the allegations contained in paragraph 57 of Plaintiffs' Complaint.

58.

These named Defendants deny the allegations contained in paragraph 58 of Plaintiffs' Complaint.

59.

These named Defendants deny the allegations contained in paragraph 59 of Plaintiffs' Complaint.

60.

These named Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60 of Plaintiffs' Complaint.

61.

These named Defendants admit the allegations contained in paragraph 61 of Plaintiffs' Complaint.

62.

These named Defendants deny the allegations contained in paragraphs 62, 63, 64, and 65 of Plaintiffs' Complaint.

66.

In response to paragraph 66, the chart notes a conversation with Dr. Kennedy.  To the extent this allegation seeks to state that Dr. Kennedy refused to send Mr. Loflin to the emergency room, such is denied.  Anything not specifically admitted in this response to paragraph 66 of Plaintiffs' Complaint is denied.

67.

These named Defendants deny the allegations contained in paragraph 67 of Plaintiffs' Complaint.

68.

In response to paragraph 68, 69, and 70 of Plaintiff's Complaint, to the extent the description deviates from what is in the medical records, such paragraphs are denied.

70.

These named Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70 of Plaintiffs' Complaint.

71.

These named Defendants deny the allegations contained in paragraph 71 of Plaintiffs' Complaint.

72.

These named Defendants deny the allegations contained in paragraph 72 of Plaintiffs' Complaint.

73.

These named Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 73 of Plaintiffs' Complaint.

74.

These named Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 74 of Plaintiffs' Complaint.

75.

These named Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 75 of Plaintiffs' Complaint.

76.

These named Defendants deny the allegations contained in paragraph 76 of Plaintiffs' Complaint.

77.

These named Defendants deny the allegations contained in paragraph 77 of Plaintiffs' Complaint.

78.

In response to paragraph 78 of Plaintiffs' Complaint, Mr. Loflin's medical condition is described in the medical records and to the extent that this allegation is argumentative, it is denied.  Anything not specifically admitted in this response to paragraph 78 is denied.

79.

These named Defendants deny the allegations contained in paragraph 79 of Plaintiffs' Complaint.

80.

These named Defendants deny the allegations contained in paragraph 80 of Plaintiffs' Complaint.

81.

These named Defendants deny the allegations contained in paragraph 81 of Plaintiffs' Complaint.

82.

In response to paragraph 82 of Plaintiffs' Complaint, it is these named Defendants' understanding that Dr. Burgess sent Mr. Loflin to Memorial Hospital for admission to the hospital.  It is further these named Defendants' understanding that Dr. Burgess determined the best way to admit Mr. Loflin was through the emergency room.  He was not sent to the emergency room for "emergency care." Anything not specifically admitted in this response to paragraph 82 of Plaintiffs' Complaint is denied.

83.

In response to paragraph 83 of Plaintiffs' Complaint, these named Defendants admit that Mr. Loflin coded in the emergency room prior to being

admitted to the floor.  Anything not specifically admitted in this response to paragraph 83 of Plaintiffs' Complaint is denied.

84.

These named Defendants admit that Exhibit "F" is in the medical records and to the extent it varies from the other medical records, it is denied.

**Count I – Violation of 42 U.S.C.A. § 1983**
**(Sheriff's Policy or Custom of Deliberate Indifference)**

**<u>FIFTH DEFENSE</u>**

Count I of Plaintiffs' Complaint fails to state a claim as to these named Defendants upon which relief can be granted.

**<u>SIXTH DEFENSE</u>**

85.

These named Defendants incorporate their responses to paragraph 1 through 84 as if fully set forth herein.

86.

These named Defendants deny the allegations contained in paragraph 86, 87, 88, 89, 90, 91, 92, and 93 of Plaintiffs' Complaint.

WHEREFORE, having fully answered Count I of Plaintiffs' Complaint, these named Defendants demand that they be hence discharged.

17

**Count II – Violation of 42 U.S.C.A. § 1983**
**(Corizon's Deliberate Indifference to Mr. Loflin's Serious Medical Needs)**

## SEVENTH DEFENSE

Count II of Plaintiffs' Complaint fails to state a claim as to these named Defendants upon which relief can be granted.

## EIGHTH DEFENSE

94.

These named Defendants incorporate their responses to paragraphs 1 through 93 as if fully set forth herein.

95.

These named Defendants deny the allegations contained in paragraphs 95, 96, 97, 98, 99, 100, 101, and 102 of Plaintiffs' Complaint.

WHEREFORE, having fully answered Count II of Plaintiffs' Complaint, these Defendants demand that they be hence discharged.

**Count III – Violation of 42 U.S.C.A. § 1983**
**(Individual Corizon Defendants)**

## NINTH DEFENSE

Count III of Plaintiffs' Complaint fails to state a claim as to these named Defendants upon which relief can be granted.

18

## TENTH DEFENSE

103.

These named Defendants incorporate paragraph 1 through 101 as if fully set forth herein.

104.

These named Defendants deny the allegations set forth in paragraphs 104, 105, 106 and 107 of Plaintiffs' Complaint.

WHEREFORE, having fully answered Count III of Plaintiffs' Complaint, these named Defendants demand that they be hence discharged.

### Count IV – Violation of 42 U.S.C.A. § 1983
### (Individual County Defendants)

## ELEVENTH DEFENSE

Count IV of Plaintiffs' Complaint fails to state a claim as to these named Defendants upon which relief can be granted.

## TWELFTH DEFENSE

108.

These named Defendants incorporate paragraph 1 through 107 as if fully set forth herein.

109.

These named Defendants deny the allegations set forth in paragraphs 109, 110, 111 and 112 of Plaintiffs' Complaint.

WHEREFORE, having fully answered Count IV of Plaintiffs' Complaint, these named Defendants demand that they be hence discharged.

## Count V – Wrongful Death
### (All Defendants)

### THIRTEENTH DEFENSE

Count V of Plaintiffs' Complaint fails to state a claim as to these named Defendants upon which relief can be granted.

### FOURTEENTH DEFENSE

113.

These named Defendants incorporate paragraph 1 through 112 as if fully set forth herein.

114.

These named Defendants deny the allegations contained in paragraph 114, 115, 116, and 117 of Plaintiffs' Complaint.

WHEREFORE, having fully answered Count V of Plaintiffs' Complaint, these named Defendants demand that they be discharged.

Respectfully submitted, this 16th day of March, 2016.

CARLOCK, COPELAND & STAIR, LLP


By:     *s/Thomas S. Carlock*
        THOMAS S. CARLOCK
        State Bar No.: 110200
        EMILY C. WARD
        State Bar No. 500999


        Attorneys for Defendants Corizon
        Health, Inc., Corizon, LLC, Scott H.
        Kennedy, M.D. and Virginia O'Neill

191 Peachtree Street, NE
Suite 3600
Atlanta, Georgia 30303
404-522-8220
        ..........
P.O. Box 56887
Atlanta, Georgia 30343-0887
tcarlock@carlockcopeland.com
eward@carlockcopeland.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day served a copy of the within and foregoing pleading upon all parties to this matter by the CM/ECF system:

> William R. Claiborne
> Cameron C. Kuhlman
> The Claiborne Firm, P.C.
> 410 East Bay Street
> Savannah, GA  31401
>
> S. Wesley Woolf
> S. Wesley Woolf, P.C.
> 408 East Bay Street
> Savannah, GA  31401
> **Attorney for Plaintiffs**
>
> Jennifer R. Burns
> P.O. Box 8161
> Savannah, GA  31401
> **Attorney for Defendant County**

This 16th day of March, 2016.

By:   *s/Thomas S. Carlock*

THOMAS S. CARLOCK
State Bar No.: 110200
EMILY C. WARD
State Bar No.: 500999

Attorneys for Defendants Corizon
Health, Inc., Corizon, LLC, Scott H.
Kennedy, M.D. and Virginia O'Neill

Carlock, Copeland & Stair, LLP
191 Peachtree Street, NE
Suite 3600
Atlanta, Georgia 30303
404-522-8220
    ……….
P.O. Box 56887
Atlanta, GA 30343-0887