BELINDA LEE MALEY, individually, )
and on behalf of the ESTATE of )
MATTHEW CLINTON MR. LOFLIN, )
deceased, )
                                     ) C/A No.: 4:16-CV-00060-WTM-GRS
      PLAINTIFF, )
                                     )
v. )
                                     )
CORIZON HEALTH, INC., a Delaware )
Corporation, et al., )
                                     )
      DEFENDANTS. )

## QUALIFIED PROTECTIVE ORDER

Presently before the Court is the Parties' Joint Motion for a Qualified Protective Order (doc. 30). The Court recognizes that certain documents and electronically stored information ("Protected Documents"), which may be relevant to the claims or defenses at issue in this litigation, or may be responsive to discovery requests, may include information that is considered privileged under federal or state law.

Therefore, the Court hereby ORDERS that the Parties may produce Protected Documents, that is, those certain documents containing Protected Health Information ("PHI"), as defined by HIPAA's Privacy Rule, 45 C.F.R. § 164.501 and as extended under the HITECH Act, 111 P.L. 5 (2009), including Protected Documents containing or referencing information privileged under federal or Georgia law, as follows:

1. The Defendants may produce Protected Documents containing the Protected Health Information of Matthew Loflin, Deceased, as the named party in this case, without any further judicial oversight, need for proof of satisfactory assurances, or notice and an opportunity to object;

2. The Defendants may produce Protected Documents containing the Protected Health Information for any patients who are also represented by Plaintiff's counsel upon satisfactory proof of representation without any further judicial oversight, need for satisfactory assurances, or notice and an opportunity to object;

3. For all other PHI which is contained in the Protected Documents:

   a) The Parties will not use or disclose any PHI, including that contained within the Protected Documents, for any purpose other than prosecuting or defending the claims in this litigation, as required by 45 C.F.R. § 164.512(e)(l)(v)(A);

   b) Any such PHI disclosed (including all copies) will be returned to the producing party or destroyed at the end of the litigation, as required by 45 C.F.R. § 164.512(e)(l)(v)(B);

   c) Prior to disclosing any PHI, all personal identifiers will be redacted[1] from the PHI unless the requesting party provides written documentation of the existence of an attorney-client relationship with the patient at issue and satisfactory indicia of authorization for disclosure, including, but not limited to, a signed authorization or

---

[1] Such redactions will obliterate and completely obscure the personal identifiers.

other evidence that notice and an opportunity to object is not needed. Further, if the information produced as redacted would otherwise enable that patient to be identified, such information will be redacted;

d) No mental health information will be produced and the producing parties shall redact any mental health information in accordance with FRE 501(a) and O.C.G.A. §§24-5-501(a), 24-12-1, 37-3-166, et seq., and 43-39-16;

e) No confidential HIV or AIDS information will be produced and the producing parties shall redact any such information in accordance with O.C.G.A. §§31-22-9.1, 24-9-40.1, and 24-9-47; and

f) No confidential alcohol and/or drug abuse information will be produced and the producing parties shall redact any such information in accordance with the Federal Alcohol and Drug Regulations, 42 C.F.R. Part 2.

4. The Protected Documents can be used or disclosed to the following people without proof of notice of this Order:

a) The parties to this case;

b) attorneys, consultants, employees, contractors, and other agents of the counsel of record for the parties in this case; and

c) The judges in this matter, the judges' staff and law clerks;

5. The Protected Documents can be used or disclosed to the following people with proof that they have been counseled as to the existence of this Order and have agreed to follow it:

    a) Lay witnesses, expert witnesses and court reporters;

    b) mediators, arbitrators, and any other persons mutually permitted to be present at the depositions, mediation, arbitration and/or trial in this matter;

6. The Protected Documents may be filed in Court only upon order from the Court and only under the terms specified in such order;

7. The Protected Documents will not be disclosed to any media (print, visual, audio, or electronic).

8. Any person or entity who receives PHI pursuant to paragraphs (4) and (5), above, is prohibited from using the PHI for any purpose other than this litigation;

9. Neither a party's request for, nor the Court's issuance of, a Qualified Protective Order precludes a party from later opposing or seeking the admissibility of particular evidence; and

10. This Qualified Protective Order will expire at the close of the litigation, including all appeals, for the above-referenced case.

The Court hereby approves and incorporates by reference the Parties' agreed upon terms and conditions as set forth in the Joint Motion. Further, it is hereby ORDERED that any PHI contained within the Protected Documents may be disclosed and used for the limited purpose of prosecuting or defending the above-

referenced action in accordance with the terms of this Consent Qualified Protective Order.

SO ORDERED this 3rd day of August, 2016.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA