IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| BELINDA LEE MALEY, individually, and on behalf of the ESTATE of MATTHEW CLINTON LOFLIN, deceased, and GENE LOFLIN, Individually, | ) ) ) ) ) |
| Plaintiffs, | ) CASE NO. 4:16-CV-060-WTM-GRS ) ) |
| v. | ) ) |
| CORIZON HEALTH, INC., a Delaware Corporation, et al., | ) ) ) |
| Defendants. | ) |

## ANSWER TO PLAINTIFFS' AMENDED COMPLAINT

COME NOW Defendants Chatham County, Georgia and John T. Wilcher, individually and in his official capacity (collectively, the "County Defendants")[1] and answer Plaintiffs' Amended Complaint (doc. 92), stating as follows:

## FIRST DEFENSE

Plaintiffs' Amended Complaint fails to state a claim upon which relief can be granted and should therefore be dismissed.

---

[1] The Consent Motion to Dismiss Defendants Virginia O'Neill, Chatham County, and John T. Wilcher in his Official Capacity (doc. 87) is pending before the Court. Although Roy Harris is identified as a party in paragraph 26 of the Amended Complaint, he "is no longer a defendant" pursuant to the Order Granting Consent Motion for Substitution Pursuant to Fed. R. Civ. P. 25(D), filed on June 6, 2016. (Doc. 27). An answer is not filed on behalf of Mr. Harris for this reason. Finally, although the Estate of Al St. Lawrence is identified as a party in paragraph 28 of the Amended Complaint, Plaintiff's claims against the Estate of Al St. Lawrence were dismissed with prejudice pursuant to an Order filed on April 19, 2017. (Doc. 60). An answer is not filed on behalf of the Estate of Al St. Lawrence for this reason.

## SECOND DEFENSE

Some or all of Plaintiffs' claims against the County Defendants are barred by official and qualified immunity.

## THIRD DEFENSE

The County Defendants are entitled to sovereign immunity from liability for certain of the allegations alleged in Plaintiffs' Amended Complaint.

## FOURTH DEFENSE

The operation of a sheriff's department is a governmental function for which the County benefits from sovereign immunity from liability.

## FIFTH DEFENSE

Defendant Sheriff Wilcher is entitled to 11th amendment immunity as to certain of Plaintiffs' claims.

## SIXTH DEFENSE

The County Defendants at all times acted in good faith without malice and without an intent to cause injury.

## SEVENTH DEFENSE

Any injuries or damages suffered by Plaintiffs is the result of actions or inactions of Plaintiffs, Mr. Loflin, or others and therefore Plaintiffs cannot recover from the County Defendants.

## EIGHTH DEFENSE

The defendant identified in the caption of this Complaint as "Chatham County, a Georgia County" is not a legal entity subject to suit in the courts of this state and any claims purported to be brought against the municipal corporation is a nullity.

## NINTH DEFENSE

The County Defendants deny that they violated any of the Plaintiffs' rights under the 4th, 8th, and 14th Amendments to the United States Constitution.

## TENTH DEFENSE

The County Defendants deny that they were deliberately indifferent to the medical needs of Matthew Loflin and show that no unconstitutional policy, practice or custom existed on the part of any of the County Defendants.

## ELEVENTH DEFENSE

None of the County Defendants are subject to an award of punitive damages as a matter of law.

## TWELFTH DEFENSE

The County Defendants now respond to the numbered paragraphs of Plaintiffs' Amended Complaint as follows:

1.     The allegations contained in Paragraph 1 of Plaintiffs' Amended Complaint merely set forth the nature of Plaintiffs' claims and therefore do not require any response the County Defendants. To the extent any further response is deemed necessary, the County Defendants deny that they are liable to Plaintiffs whatsoever.

2.     The County Defendants deny the allegations contained in paragraph 2 of Plaintiffs' Amended Complaint.

3.      In response to the allegations contained in paragraph 3 of Plaintiffs' Amended Complaint, the County Defendants admit that throughout Mr. Loflin's subject incarceration, Corizon Health was under contract to provide medical care to inmates at the Chatham County Detention Center.

4.      The County Defendants deny as pled the allegations contained in paragraph 4 of Plaintiffs' Amended Complaint.

5.      The County Defendants are without knowledge of information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of Plaintiffs' Amended Complaint and therefore must deny the same.

6.      The County Defendants deny as pled the allegations contained in paragraph 6 of Plaintiffs' Amended Complaint.

7.      The County Defendants deny the allegations contained in paragraph 7 of Plaintiffs' Amended Complaint.

8.      The County Defendants deny the allegations contained in paragraph 8 of Plaintiffs' Amended Complaint.

9.      The County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Plaintiffs' Amended Complaint and therefore must deny the same.

10.     The County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Plaintiff's Amended Complaint and therefore must deny the same.

11.     The County Defendants deny the allegations contained in paragraph 11 of Plaintiffs' Amended Complaint.

12.     The County Defendants deny as pled the allegations contained in paragraph 12 of Plaintiffs' Amended Complaint.

13.     The County Defendants deny the allegations contained in paragraph 13 of Plaintiffs' Amended Complaint.

14.     The County Defendants deny the allegations contained in paragraph 14 of Plaintiffs' Amended Complaint.

15.     The County Defendants deny as pled the allegations contained in paragraph 15 of Plaintiffs' Amended Complaint.

16.     The County Defendants deny as pled the allegations contained in paragraph 16 of Plaintiffs' Amended Complaint.

17.     The County Defendants admit the allegations contained in paragraph 17 of Plaintiffs' Amended Complaint.

18.     Upon information and belief, the County Defendants admit the allegations contained in paragraph 18 of Plaintiffs' Amended Complaint.

19.     Upon information and belief, the County Defendants admit the allegations contained in paragraph 19 of Plaintiffs' Amended Complaint.

20.     Upon information and belief, the County Defendants admit the allegations contained in paragraph 20 of Plaintiffs' Amended Complaint.

21.     Upon information and belief, the County Defendants admit the allegations contained in paragraph 21 of Plaintiffs' Amended Complaint.

22.     Upon information and belief, the County Defendants admit the allegations contained in paragraph 22 of Plaintiffs' Amended Complaint.

23.     Upon information and belief, the County Defendants admit the allegations contained in paragraph 23 of Plaintiffs' Amended Complaint.

24.     In response to the allegations contained in paragraph 24 of Plaintiffs' Amended Complaint, the County Defendants are without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations concerning the Corizon Defendants' states of residence, nor where they may be served, and admit the remaining allegations.

25.     The County Defendants admit the allegations contained in paragraph 25 of Plaintiffs' Amended Complaint.

26.     The County Defendants admit the allegations contained in the first sentence of paragraph 26 of Plaintiffs' Amended Complaint and deny the remaining allegations pursuant to the Order Granting Consent Motion for Substitution Pursuant to Fed. R. Civ. P. 25(D), filed on June 6, 2016. (Doc. 27).

27.     The County Defendants admit the allegations contained in paragraph 27 of Plaintiffs' Amended Complaint.

28.     The County Defendants admit the allegations contained in the first and second sentences of paragraph 28 of Plaintiffs' Amended Complaint and deny the remaining allegations pursuant to the order filed on April 19, 2017. (Doc. 60).

29.     Upon information and belief, the County Defendants admit the allegations contained in paragraph 29 of Plaintiffs' Amended Complaint.

30.   Upon information and belief, the County Defendants admit the allegations contained in paragraph 30 of Plaintiffs' Amended Complaint.

31.   Upon information and belief, the County Defendants admit the allegations contained in paragraph 31 of Plaintiffs' Amended Complaint.

32.   The County Defendants deny as plead the allegations contained in paragraph 32 of Plaintiffs' Amended Complaint.

33.   The County Defendants deny as plead the allegations contained in paragraph 33 of Plaintiffs' Amended Complaint.

34.   The County Defendants admit the allegations contained in paragraph 34 of Plaintiffs' Amended Complaint.

35.   The County Defendants admit the allegations contained in paragraph 35 of Plaintiffs' Amended Complaint.

36.   The County Defendants admit the allegations contained in paragraph 36 of Plaintiffs' Amended Complaint.

37.   The County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of Plaintiffs' Amended Complaint.

38.   The County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of Plaintiffs' Amended Complaint.

39.   The County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of Plaintiffs' Amended Complaint and therefore must deny the same.

40.   The County Defendants deny the allegations contained in paragraph 40 of Plaintiffs' Amended Complaint.

41.   The County Defendants deny the allegations contained in paragraph 41 of Plaintiffs' Amended Complaint.

42.   The County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of Plaintiffs' Amended Complaint and therefore must deny the same.

43.   The County Defendants admit the allegations contained in paragraph 43 of Plaintiffs' Amended Complaint.

44.   The County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of Plaintiffs' Amended Complaint and therefore must deny the same.

45.   The County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of Plaintiffs' Amended Complaint and therefore must deny the same.

46.   The County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of Plaintiffs' Amended Complaint and therefore must deny the same.

47.   The County Defendants deny as pled the allegations contained in paragraph 47 of Plaintiffs' Amended Complaint.

48.   The County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of Plaintiffs' Amended Complaint and therefore must deny the same.

49.   The County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of Plaintiffs' Amended Complaint and therefore must deny the same.

50.   Upon information and belief, the County Defendants admit the allegations contained in paragraph 50 of Plaintiffs' Amended Complaint.

51.   The County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of Plaintiffs' Amended Complaint and therefore must deny the same.

52.   The County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of Plaintiffs' Amended Complaint and therefore must deny the same.

53.   The County Defendants admit the allegations contained in paragraph 53 of Plaintiffs' Amended Complaint.

54.   The County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54 of Plaintiffs' Amended Complaint and therefore must deny the same.

55.   The County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 of Plaintiffs' Amended Complaint and therefore must deny the same.

56.   The County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 of the Plaintiffs' Amended Complaint and therefore must deny the same.

57.   The County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57 of the Plaintiffs' Amended Complaint and therefore must deny the same.

58.   The County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 58 of the Plaintiffs' Amended Complaint and therefore must deny the same.

59.   The County Defendants deny the allegations contained in paragraph 59 of Plaintiffs' Amended Complaint upon information and belief.

60.   The County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60 of the Plaintiffs' Amended Complaint and therefore must deny the same.

61.   The County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61 of the Plaintiffs' Amended Complaint and therefore must deny the same.

62.    The County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62 of the Plaintiffs' Amended Complaint and therefore must deny the same.

63.    The County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63 of the Plaintiffs' Amended Complaint and therefore must deny the same.

64.    The County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 64 of the Plaintiffs' Amended Complaint and therefore must deny the same.

65.    The County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 65 of the Plaintiffs' Amended Complaint and therefore must deny the same.

66.    The County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 66 of the Plaintiffs' Amended Complaint and therefore must deny the same.

67.    The County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 67 of the Plaintiffs' Amended Complaint and therefore must deny the same.

68.    The County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 68 of the Plaintiffs' Amended Complaint and therefore must deny the same.

69.   The County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69 of the Plaintiffs' Amended Complaint and therefore must deny the same.

70.   The County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70 of the Plaintiffs' Amended Complaint and therefore must deny the same.

71.   The County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 71 of the Plaintiffs' Amended Complaint and therefore must deny the same.

72.   The County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 72 of the Plaintiffs' Amended Complaint and therefore must deny the same.

73.   The County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 73 of the Plaintiffs' Amended Complaint and therefore must deny the same.

74.   The County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 74 of the Plaintiffs' Amended Complaint and therefore must deny the same.

75.   The County Defendants deny the allegations contained in paragraph 75 of the Plaintiffs' Amended Complaint.

76.   The County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 76 of the Plaintiffs' Amended Complaint and therefore must deny the same.

77.   The County Defendants deny the allegations contained in paragraph 77 of the Plaintiffs' Amended Complaint.

78.   The County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 78 of the Plaintiffs' Amended Complaint and therefore must deny the same.

79.   The County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 79 of the Plaintiffs' Amended Complaint and therefore must deny the same.

80.   The County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 80 of the Plaintiffs' Amended Complaint and therefore must deny the same.

81.   The County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 81 of the Plaintiffs' Amended Complaint and therefore must deny the same.

82.   The County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 82 of the Plaintiffs' Amended Complaint and therefore must deny the same.

83.     The County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 83 of the Plaintiffs' Amended Complaint and therefore must deny the same.

84.     The County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 84 of the Plaintiffs' Amended Complaint and therefore must deny the same.

85.     The County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 85 of the Plaintiffs' Amended Complaint and therefore must deny the same.

86.     The County Defendants admit the allegations contained in paragraph 86 of Plaintiffs' Amended Complaint upon information and belief.

### Responding to "Count I—Violation of 42 U.S.C.A. § 1983"

87.     The foregoing answers to paragraphs 1 through 86 of Plaintiffs' Amended Complaint are incorporated by reference as if set forth in full herein.

88.     The County Defendants deny the allegations contained in Paragraph 88 of Plaintiffs' Amended Complaint.

89.     The County Defendants deny the allegations contained in paragraph 89 of the Plaintiffs' Amended Complaint.

90.     The County Defendants deny the allegations contained in paragraph 90 of the Plaintiffs' Amended Complaint.

91.     The County Defendants deny the allegations contained in paragraph 91 of the Plaintiffs' Amended Complaint.

14

92.     The County Defendants deny the allegations contained in paragraph 92 of the Plaintiffs' Amended Complaint.

93.     The County Defendants deny the allegations contained in paragraph 93 of the Plaintiffs' Amended Complaint.

94.     The County Defendants deny the allegations contained in paragraph 94 of the Plaintiffs' Amended Complaint.

95.     The County Defendants deny the allegations contained in paragraph 95 of the Plaintiffs' Amended Complaint, including the "WHEREFORE" paragraph immediately following the same.

### Responding to "Count II—Violation of 42 U.S.C. § 1983"

96.     The foregoing answers to paragraphs 1 through 95 of Plaintiffs' Amended Complaint are incorporated by reference as if set forth in full herein.

97.     Paragraph 97 does not require response from the County Defendants.  To the extent any further response is deemed necessary, the allegations are denied.

98.     The County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 98 of the Plaintiffs' Amended Complaint and therefore must deny the same.

99.     The County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 99 of the Plaintiffs' Amended Complaint and therefore must deny the same.

100.    The County Defendants deny the allegations contained in paragraph 100 of the Plaintiffs' Amended Complaint.

101.   The County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 101 of the Plaintiffs' Amended Complaint and therefore must deny the same.

102.   The County Defendants deny the allegations contained in paragraph 102 of the Plaintiffs' Amended Complaint.

103.   The County Defendants deny the allegations contained in paragraph 103 of the Plaintiffs' Amended Complaint.

104.   The County Defendants deny the allegations contained in paragraph 104 of the Plaintiffs' Amended Complaint, including the "WHEREFORE" paragraph immediately following the same.

**Responding to "Count III—Violation of 42 U.S.C. § 1983 (Individual Corizon Defendants)"**

105.   The foregoing answers to paragraphs 1 through 104 of Plaintiffs' Amended Complaint are incorporated by reference as if set forth in full herein.

106.   Paragraph 106 does not require a response from the County Defendants. To the extent any further response is deemed necessary, the allegations are denied.

107.   The County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 107 of the Plaintiffs' Amended Complaint and therefore must deny the same.

108.   The County Defendants deny the allegations contained in paragraph 108 of the Plaintiffs' Amended Complaint.

109.   The County Defendants deny the allegations contained in paragraph 109 of the Plaintiffs' Amended Complaint, including the "WHEREFORE" paragraph immediately following the same.

### Responding to "Count IV—Violation of 42 U.S.C. § 1983 (Individual County Defendants)"

110.   The foregoing answers to paragraphs 1 through 109 of Plaintiffs' Amended Complaint are incorporated by reference as if set forth in full herein.

111.   The County Defendants deny the allegations contained in paragraph 111 of Plaintiffs' Amended Complaint.

112.   The County Defendants deny the allegations contained in paragraph 112 of the Plaintiffs' Amended Complaint.

113.   The County Defendants deny the allegations contained in paragraph 113 of the Plaintiffs' Amended Complaint.

114.   The County Defendants deny the allegations contained in paragraph 114 of the Plaintiffs' Amended Complaint, including the "WHEREFORE" paragraph immediately following the same.

### Responding to "Count V—Wrongful Death (All Defendants)"

115.   The foregoing answers to paragraphs 1 through 114 of Plaintiffs' Amended Complaint are incorporated by reference as if set forth in full herein.

116.   The County Defendants deny the allegations contained in paragraph 116 of the Plaintiffs' Amended Complaint.

117.    The County Defendants deny the allegations contained in paragraph 117 of the Plaintiffs' Amended Complaint.

118.    The County Defendants deny the allegations contained in paragraph 118 of the Plaintiffs' Amended Complaint.

119.    The County Defendants admit the allegations contained in paragraph 119 of Plaintiffs' Amended Complaint upon information and belief but deny that they are liable to Plaintiffs whatsoever.

**<u>THIRTEENTH DEFENSE</u>**

The County Defendants deny all allegations of Plaintiffs' Amended Complaint not specifically admitted above.

WHEREFORE, the County Defendants pray for a trial by jury of twelve, pray that the Court dismiss Plaintiffs' Complaint as amended, and pray that all costs of this action be cast against Plaintiff.

This 10th day of July, 2017.

OLIVER MANER LLP

*/s/ Benjamin M. Perkins*
BENJAMIN M. PERKINS
State Bar No. 140997

P.O. Box 10186
Savannah, GA 31412                    Attorneys for Chatham County and
(912) 236-3311 telephone         Sheriff John T. Wilcher
(912) 236-8725 facsimile
bperkins@olivermaner.com

18

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the foregoing **Answer to Plaintiffs' Amended Complaint** upon all parties in this case in accordance with the directives from the Court Notice of Electronic Filing ("NEF"), which was generated as a result of electronic filing to the following:

| | |
|---|---|
| Carl Varnedoe<br>Jones, Osteen & Jones<br>608 E. Oglethorpe Highway<br>Hinesville, GA 31313 | R. Jonathan Hart<br>Jennifer R. Burns<br>Chatham County Attorney's Office<br>PO Box 8161<br>Savannah, GA 31412 |
| Thomas S. Carlock<br>Eric J. Frisch<br>Carlock, Copeland & Stair, LLC<br>191 Peachtree Street NE<br>Suite 3600<br>Atlanta, GA 30303 | |

This 10th day of July, 2017.

OLIVER MANER LLP

*/s/ Benjamin M. Perkins*
BENJAMIN M. PERKINS
State Bar No. 140997

P.O. Box 10186
Savannah, GA 31412                         Attorneys for Chatham County and
(912) 236-3311 telephone                   Sheriff John T. Wilcher
(912) 236-8725 facsimile
bperkins@olivermaner.com
lmeadows@olivermaner.com

19