IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

BELINDA LEE MALEY, individually
and on behalf of the Estate of
Matthew Clinton Loflin,
deceased; and GENE LOFLIN,
individually;

    Plaintiffs,

v.

CORIZON HEALTH, INC., a
Delaware Corporation; CORIZON,
LLC, a Missouri Limited
Liability Company; CHATHAM
COUNTY, a Georgia County; ROY
HARRIS; ESTATE OF AL ST.
LAWRENCE; JOHN WILCHER,
individually and in his
official capacity as Jail
Administrator; SCOTT KENNEDY,
M.D.; ADAMAR GONZALEZ, M.D.;
and VIRGINIA O'NEILL;

    Defendants.

CASE NO. CV416-060

## O R D E R

Before the Court is Defendants Corizon Health, Inc., Virginia O'Neill, and Scott Kennedy's Motion to Limit Expert Testimony. (Doc. 69.) In their motion, Defendants seek to limit the testimony of Plaintiffs' medical expert, Dr. Charles Wickliffe. For the following reasons, Defendants' motion is **DENIED**.

In 2014, Matthew Loflin died from medical complications while incarcerated at Chatham County Detention Center ("CCDC").

(Doc. 92 at 1-2.) At the time of Loflin's detention, Defendant Corizon Health Inc. ("Corizon") provided medical services to detainees at the CCDC pursuant to a contract with Chatham County. (Id. at 6.) Defendant Dr. Scott Kennedy was employed by Defendant Corizon as the Regional Medical Director. (Id. at 7.) Defendant Virginia O'Neill was employed by Defendant Corizon as the Health Services Administrator. (Id. at 7.)

After his death, Loflin's mother, Plaintiff Brenda Maley, brought suit individually and on behalf of the Estate of Matthew Loflin. (Doc. 1.) In an amended complaint, Loflin's father, Plaintiff Gene Loflin, subsequently joined suit in his individual capacity. (Doc. 92.) In the amended complaint, Plaintiffs allege that Defendants Corizon Health, Inc., Scott Kennedy, Virginia O'Neill, and other defendants were deliberately indifferent to Loflin's critical medical needs while Loflin was detained at the CCDC. (Id.)

In support of their claim, Plaintiffs have consulted with Dr. Charles Wickliffe. (Doc. 69-2, Ex. 1.) Dr. Wickliffe is a cardiologist who has been board certified in the field since 1976. (Doc 69-2, Ex. 3.) After reviewing the facts of this case, Dr. Wickliffe opined that

> [i]t is my opinion to a reasonable degree of medical certainty that Mr. Loflin died of the complication of his congestive heart failure and underlying cardiomyopathy. His death was related to the marked delay in initiation of appropriate treatment for his

2

congestive heart failure. Although his prognosis at any stage of management of his underlying cardiomyopathy would have been poor, earlier treatment improves the chances of survival. . . . It is my opinion that if proper diagnosis and management had been initiated at any point during the course of his steadily deteriorating condition prior to March 26th, his chances of survival and long term and short term out comes would have been improved. . . . [Also,] it is my additional opinion that Matthew Loflin received inadequate medical care while incarcerated at the Chatham County Detention Center. With adequate treatment Mathew Loflin could have had a significant remaining life expectancy . . . .

(Doc. 69-2, Ex. 1.)

Now, Defendants seek to limit the use of Plaintiffs' expert. (Doc. 69.) Dr. Wickliffe admittedly has no experience working in the correctional setting or working as a regional health director. (Doc. 69-2, Ex. 2 at 6, 15.) As a result, Defendants contend that Dr. Wickliffe lacks the qualifications to offer expert testimony regarding the standard of care specifically applicable to Defendant Kennedy as a regional director or generally applicable to any other health provider at the CCDC.[1] After careful review, the Court disagrees.

In determining whether to limit Dr. Wickliffe's testimony, this Court must consider the admissibility of his testimony in

---

[1] In their motion, Defendants also challenge that Dr. Wickliffe has no experience as a health administrator and can, therefore, not offer an expert opinion as to the standard of care applicable to Defendant O'Neill. However, Defendant O'Neill was previously dismissed from this action by this Court's prior order. (Doc. 97.) Accordingly, the Court will not address whether Dr. Wickliffe is qualified to offer an expert opinion with respect to Defendant O'Neill.

3

light of Federal Rule of Evidence 702. <u>Daubert v. Merrell Dow Pharm., Inc.</u>, 509 U.S. 579, 589 (1993). Rule 702 of the Federal Rules of Evidence provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Although the Court must use the guidelines provided in Rule 702 to determine whether Dr. Wickliffe can offer an opinion that is both reliable and relevant, "[t]he inquiry envisioned by Rule 702 is [] a flexible one." <u>Daubert</u>, 509 U.S. at 594.

In the Court's view, Dr. Wickliffe is qualified under Rule 702 to testify not only as to Loflin's medical condition, but also to the standard of care that he should have been provided while at the CCDC. As a starting point, Dr. Wickliffe has extensive experience in the field of cardiology. (Doc. 69-2, Ex. 3.) While Dr. Wickliffe has no experience working in the correctional field, this fact is immaterial. Defendants have offered no authority that the standard of care is different in the correctional setting. While Defendants are correct that Dr. Wickliffe has no experience as a regional health director or as a provider that has to work within certain limitations created

4

by the correctional setting, Defendants' challenges to Dr. Wickliffe's testimony are more appropriately directed at the weight that should be given to his testimony, rather than its admissibility. Because the Court finds no reason to limit Dr. Wickliffe's testimony, Defendants' motion (Doc. 69) is **DENIED**.

SO ORDERED this **8th** day of February 2018.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA