IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

BELINDA LEE MALEY, individually )
and on behalf of the Estate of )
Matthew Clinton Loflin, )
deceased; and GENE LOFLIN, )
individually; )
)
Plaintiffs, )
)
v. ) CASE NO. CV416-060
)
CORIZON HEALTH, INC., a )
Delaware Corporation; CORIZON, )
LLC, a Missouri Limited )
Liability Company; CHATHAM )
COUNTY, a Georgia County; ROY )
HARRIS; ESTATE OF AL ST. )
LAWRENCE; JOHN WILCHER, )
individually and in his )
official capacity as Jail )
Administrator; SCOTT KENNEDY, )
M.D.; ADAMAR GONZALEZ, M.D.; )
and VIRGINIA O'NEILL; )
)
Defendants. )
)



## **O R D E R**

Before the Court is Defendants Scott Kennedy and Corizon Health Inc.'s ("Corizon") Motion for Reconsideration. (Doc. 104.) In their motion, Defendants ask this Court to reconsider its previous ruling (Doc. 103) granting in part and denying in part summary judgment with respect to both Defendants Kennedy and Corizon. Defendants assert that this Court incorrectly found that Plaintiffs identified enough evidence to create a genuine dispute of material fact to support Plaintiffs' claims that

Defendant Kennedy and Corizon acted with deliberate indifference to Matthew Loflin's serious medical need. Instead, Defendants contend that Plaintiffs' claims should be dismissed.

When considering a motion for reconsideration, courts within the Eleventh Circuit have held that reconsideration is appropriate in a limited number of circumstances. Specifically,

> [r]econsideration is appropriate only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or (3) that the court made a clear error of law.

Bingham v. Nelson, No. 5:08-CV-246(CAR), 2010 WL 339806, at *1 (M.D. Ga. Jan. 21, 2010) (internal quotation marks and citation omitted); see also Wells v. Gen. Dynamics Info. Tech., Inc., No. 5:12-CV-18(MTT), 2012 WL 5207519, at *1 (M.D. Ga. Oct. 22, 2012). Additionally, "[i]n order to demonstrate clear error, the party moving for reconsideration must do more than simply restate his prior arguments, and any arguments which the party inadvertently failed to raise earlier are deemed waived." McCoy v. Macon Water Auth., 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997).

In this case, Defendants have failed to identify any change in the law or meaningful new evidence for this Court's consideration. Instead, Defendants rely on arguments already fully presented to this Court in their briefs supporting their

motions for summary judgment. (See Doc. 66, Attach. 1; Doc. 67, Attach. 1; Doc. 93; Doc. 94.) After careful consideration, the Court does not find any reason to alter its previous ruling. The Court thoroughly considered Defendants' arguments at summary judgment and found that Plaintiffs established a least enough evidence to survive summary judgment with respect to their claims that Defendants Kennedy and Corizon acted with deliberate indifference to Mr. Loflin's medical needs. Accordingly, Defendants' request that this Court reconsider its prior ruling is **DENIED**.

Alternatively, Defendants request that this Court certify its prior ruling under 28 U.S.C. § 1292(b) to allow Defendants to pursue an interlocutory appeal. (Doc. 104.) Specifically, Defendants contend that the Court should certify the following question to the Eleventh Circuit Court of Appeals: "Whether a medical judgment constitutes deliberate indifference by virtue of delay in care when any resulting delay is not directly attributable to medical judgment?" (Id. at 13 (internal quotations omitted).) Defendants contend that this question is a matter of first impression that should be considered by the Eleventh Circuit Court of Appeals before this case continues to trial. (Id.)

Pursuant to 28 U.S.C. § 1292(b), "a district judge may issue an order stating that a question of law discussed in a

3

civil order may be appropriate for an immediate appeal, even when the matter is not otherwise appealable at that time." Candy Craft Creations, LLC v. Gartner, No. 2-12-cv-091, 2015 WL 2408185, at *1 (S.D. Ga. May 19, 2015). In determining whether to certify an issue for an interlocutory appeal, this Court must determine whether the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Although the Court is permitted to certify an issue for interlocutory appeal, the Eleventh Circuit Court of Appeals has been clear that "[s]ection 1292 is intended to be used sparingly and only in exceptional cases where a speedy appeal would avoid protracted litigation." United States ex rel Powell v. Am. Intercontinental Univ., Inc., 756 F. Supp. 2d 1374, 1378 (N.D. Ga. 2010).

In this case, Defendants have failed to identify a novel legal question that should be considered by the Eleventh Circuit before allowing this case to proceed. In the Court's view, Defendants actually seek to relitigate factual matters already thoroughly considered by this Court. Interlocutory appeals are not intended to allow Defendants a second opportunity to dispute factual issues. See McFarlin v. Conseco Servs., LLC, 381 F.3d 1251, 1259 (11th Cir. 2004) ("To summarize, § 1292(b) appeals

4

were intended, and should be reserved, for situations in which the court of appeals can rule on a pure, controlling question of law without having to delve beyond the surface of the record in order to determine the facts."). Accordingly, Defendants' request for interlocutory appeal is also **DENIED**.

SO ORDERED this 30th day of August 2018.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA