IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| BELINDA LEE MALEY, Individually, and on Behalf of the Estate of MATTHEW CLINTON LOFLIN, Deceased, and GENE LOFLIN, Individually,<br><br>         Plaintiffs,<br>v.<br><br>CORIZON HEALTH, INC., a Delaware Corporation, and SCOTT H. KENNEDY, M.D.,<br><br>         Defendants. | Civil Action No. 4:16-CV-00060-WTM-GRS |

**PROPOSED CONSOLIDATED PRE-TRIAL ORDER**

The proposed pretrial order shall cover the following subjects, numbered serially, as below:

Counsels for Plaintiffs Carl R. Varnedoe and Defendants Eric J. Frisch and Douglas G. Ammerman met on Friday, October 26, 2018 for approximately 1.2 hours to review and consolidate this pre-trial order in the offices of Mitchell C. Warnock, 1104 Bellevue Avenue, Dublin, GA.

1. **FACTUAL STIPULATIONS**.  Counsel are to discuss and agree on every possible factual stipulation.  The agreed upon factual stipulations have been reduced to writing, signed and filed with the consolidated proposed pretrial order as ATTACHMENT "A" hereto.  .

2. **VOIR DIRE**. The parties hereby separately submit questions which they desire the Court to propound to jurors concerning their legal qualifications to serve and for other informational purposes. Plaintiffs' questions are attached hereto as ATTACHMENT "B-1" and Defendants' questions are attached hereto as ATTACHMENT "B-2".

3. **JURY QUALIFICATION**: **INTERESTED PARTIES AND NATURE OF INTEREST**. The names of all parties, firms and attorneys to be used in qualifying the jury, the name of any insurance company involved, and whether it is a stock or mutual company, the names of all counsel who are members of any firm involved on a contingent fee basis are as follows:

   *PARTIES:*

   (1) BELINDA LEE MALEY, Individually, and on Behalf of the Estate of MATTHEW CLINTON LOFLIN, Deceased;

   (2) GENE LOFLIN, Individually,

   (3) CORIZON HEALTH, INC., a Delaware Corporation;

   (4) SCOTT H. KENNEDY, M.D.

   *INVOLVED INSURANCE COMPANIES:*

   (1) LEXINGTON INSURANCE COMPANY, a member of American International Group, Inc., a stock company;

   (2) BEAZLEY INSURANCE COMPANY, INC., a stock company.

   *LAW FIRMS AND ATTORNEYS:*

   (1) Jones, Osteen & Jones;

   Jones, Osteen & Jones members:

   (a) J. Noel Osteen;

    (b) Billy Ned Jones;

    (c) Carl R. Varnedoe;

    (d) Linnie L. Darden, III;

    (e) Richard E. Braun, Jr.;

    (f) L. Kelly Davis; and

    (g) Luke Moses.

4. **JURISDICTION**.  The jurisdiction of this Court is based upon 28 U.S.C. § 1331because it arises under Federal law (42 U.S.C. §1983).

5. **MOTIONS.**  There are no unresolved pending motions.  Pursuant to this Court's Order, all parties reserve the right to file evidentiary objections and motions in limine no later than five (5) days prior to the pretrial conference.  (DOC. 108).  There are no known unresolved issues.

6. **DISCOVERY.**  Discovery has been completed in accordance with the Local Rules.

7. **JOINDER.**  The names of the parties in the above-captioned case(s) are complete and correct and there is no question of misjoinder or non-joinder.

8. **OUTLINE OF PLAINTIFF(s)' CASE**.

    NOTE:    PLAINTIFF(S) SHOULD PAY PARTICULAR ATTENTION TO THIS PARAGRAPH.  AT THE TRIAL, IT WILL BE USED BY THE COURT IN DIRECTING THE CASE AND INSTRUCTING THE JURY.

    Plaintiff(s) shall furnish a <u>short</u>, <u>succinct</u>, factual and narrative statement of the cause of action.  This statement should not be argumentative and should not recite evidence.  In no event shall the statement be more than one page.

**PLAINTIFFS:**

This is an action for wrongful death caused by Defendant Corizon Health, Inc. and Defendant Scott H. Kennedy, M.D.'s deliberate indifference to Matthew Clinton Loflin's serious medical needs.  Thirty-two year old Matthew Loflin died on April 24, 2014 at Memorial Medical University Health Center in Savannah.  From February 6, 2014 until April 7, 2014, Matthew Loflin was a pre-trial detainee at the Chatham County Detention Center having been arrested on drug possession charges.  During his detention, Corizon Health, Inc. was contractually and constitutionally obligated to provide proper medical treatment to Matthew.  During this same period, Scott H. Kennedy, M.D. was Corizon Health's regional medical director and was contractually and constitutionally obligated to provide proper medical treatment to Matthew.  Corizon Health and Dr. Kennedy failed to provide proper medical treatment to Matthew Loflin and as a result, Matthew Loflin experienced significant pre-death pain and suffering, both mental and physical, including fear of his imminent death, and ultimately died as a result of Corizon Health and Dr. Kennedy's conduct.  The Defendants' conduct required Matthew Loflin to undergo costly medical treatment and care, endure pain and suffering, both physical and mental, and ultimately claimed his life.  Plaintiffs, Mathew Loflin's mother and father, seek to recover damages, in an amount that will be proven in this trial.

9. **OUTLINE OF DEFENDANT(s)' CASE**.

    NOTE:   DEFENDANT(S) SHOULD PAY PARTICULAR ATTENTION TO THIS PARAGRAPH.  AT THE TRIAL, IT WILL BE USED BY THE COURT IN DIRECTING THE CASE AND INSTRUCTING THE JURY.

    Defendant(s) shall:

    (a)   Furnish a <u>short</u>, <u>succinct</u>, factual and narrative statement as to all defenses (general and special).  This statement should not be argumentative and should not recite evidence.  In no event shall the statement be more than one page.

    (b)   In all actions involving a counterclaim, cross-claim, or third-party action, defendant(s) should summarize the matter, using the outline required as to the main claim.

## DEFENDANTS:

Chatham County and Corizon Health contracted to supply health services to the detainees at the Chatham County Detention Center for over fifteen years. Matthew Loflin was detained at the Chatham County Detention Center on February 6, 2014. On intake, he was screened for any serious medical needs and then admitted for custody. Mr. Loflin did not disclose that he had any serious medical needs. Mr. Loflin then came under the care of Dr. Charles Pugh. From February 6, 2014 through April 7, 2014, Mr. Loflin had multiple interactions with the healthcare providers at the CCDC.

In March 2014, Mr. Loflin was suspected of having pneumonia. He received diagnostic tests and treatment. When he did not appear to be improving, Dr. Pugh sought advice from Dr. Scott Kennedy, the regional medical director for Corizon Health. Dr. Kennedy did not see Mr. Loflin as a patient. Dr. Pugh described Mr. Loflin's symptoms to Dr. Kennedy and discussed sending Mr. Loflin for an outpatient visit with a cardiologist. Dr. Kennedy agreed.

Mr. Loflin went to the cardiologist's office on March 28, 2014 for a number of tests, including an ultrasound of the heart, known as an echocardiogram. The echocardiogram showed that Mr. Loflin was suffering from a condition known as non-ischemic dilated cardiomyopathy, which meant that he had a poorly functioning heart due. Ultimately, it was determined that the cause of Mr. Loflin's heart condition was illicit drug use. When Dr. Pugh received the results of the echocardiogram, he contacted Dr. Kennedy again. Dr. Kennedy and Dr. Pugh discussed the next steps. Dr. Kennedy recommended treating Mr. Loflin with medications and that Mr. Loflin return to see cardiologist. Corizon Health then arranged for Mr. Loflin to see Dr. Brett Burgess.

Dr. Burgess saw Mr. Loflin in the office on April 7, 2014. Dr. Burgess recommended admitting Mr. Loflin to Memorial University Medical Center. Mr. Loflin was then transported to Memorial University Medical Center. Mr. Loflin was kept in the emergency department until a bed was available on the floor. While in the emergency department, Mr. Loflin suddenly deteriorated and suffered a cardiorespiratory arrest. Mr. Loflin was resuscitated and admitted for care. Over the next weeks, Mr. Loflin's health deteriorated further until his family elected to de-escalate care. Mr. Loflin passed away on April 24, 2014. The cause of death was septic shock and cardiogenic shock, severe dilated cardiomyopathy, and pneumonia.

Corizon Health paid for all of Mr. Loflin's medical expenses[1] from February 6, 2014 through April 22, 2014, when his parents bonded him out.

Dr. Kennedy and Corizon Health deny the allegations against them. Dr. Kennedy and Corizon Health object to Plaintiffs' statement, above, because it is argumentative and misstates the issues as whether they provided "proper" medical care. Since this is a deliberate indifference case, allegations of negligence, "proper" care, and the like are not relevant and are highly prejudicial because they are likely to cause confusion.

10. **STATUTORY AND/OR REGULATORY VIOLATIONS**.

**PLAINTIFFS:**

Plaintiffs allege that Defendant Corizon Health, Inc. and Defendant Scott H. Kennedy, M.D. violated the following constitutional, statutory or other regulations, citing the specific facts on which such alleged violation is based and detailing the damage or relief sought pursuant to such claim and reciting supporting authority:

(i) Defendant Corizon Health, Inc. was deliberately indifferent to Matthew Loflin's serious medical condition in violation of **42 U.S.C. § 1983 and the 14th Amendment to the United States Constitution** and all decision authority construing same, all as factually supported by DOC. 78-1 and 78-2 and legally supported by DOC. 78, each of which are incorporated as if set forth herein verbatim.

(ii) Defendant Scott H. Kennedy, M.D. was deliberately indifferent to Matthew Loflin's serious medical condition in violation of **42 U.S.C. § 1983 and the 14th Amendment to the United States Constitution** and all decision authority construing same, all as factually supported by DOC. 79-1 and 79-2 and legally supported by DOC. 79, each of which are incorporated as if set forth herein verbatim.

---

[1] Plaintiffs object to any improper assertion, statement, argument or evidence regarding any inadmissible collateral source. ML Healthcare Servs., LLC v. Publix Super Mkts., Inc., 881 F.3d 1293 (11th Cir. 2018).

For all violations, Plaintiffs are seeking to recover all compensatory damages, general and special, allowed by law, as well as punitive damages.

**DEFENDANTS:**

Mr. Loflin was a pretrial detainee, so any allegations of deliberate indifference to serious medical needs are based on an alleged violation of Mr. Loflin's Due Process rights under the Fourteenth Amendment. Cottrell v. Caldwell, 85 F.3d 1480, 1490 (11th Cir. 1996).

11. **TORT CASES: ACTS OF NEGLIGENCE OR INTENTIONAL TORTS**.  In this tort case, Plaintiffs who bear the burden of proof at trial, are relying on the following acts of negligence and negligence *per se*:

    (a) Relevant statutes, rules, regulations and ordinances allegedly violated:

    (iii) Defendant Corizon Health, Inc. was deliberately indifferent to Matthew Loflin's serious medical condition in violation of **42 U.S.C. § 1983 and the 14th Amendment to the United States Constitution** and all decision authority construing same, all as factually supported by DOC. 78-1 and 78-2 and legally supported by DOC. 78, each of which are incorporated as if set forth herein verbatim.

    (iv) Defendant Scott H. Kennedy, M.D. was deliberately indifferent to Matthew Loflin's serious medical condition in violation of **42 U.S.C. § 1983 and the 14th Amendment to the United States Constitution** and all decision authority construing same, all as factually supported by DOC. 79-1 and 79-2 and legally supported by DOC. 79, each of which are incorporated as if set forth herein verbatim.

    Defendants: Mr. Loflin was a pretrial detainee, so any allegations of deliberate indifference to serious medical needs are based on an alleged violation of Mr. Loflin's Due Process rights under the Fourteenth Amendment. Cottrell v. Caldwell, 85 F.3d 1480, 1490 (11th Cir. 1996).

    (b) List all items of damages claimed or non-monetary relief sought:

      (i)      Special damages for past medical expenses[2];

---

[2] Fed. R. Civ. P. 9(g) provides that if an item of special damage is claimed, it must be specifically stated. Para. 102 and 107 of the original complaint (DOC. 1) and para. 104 and 109 of the amended complaint (DOC. 92) as to Corizon and Kennedy, respectively, allege that "Mr. Loflin suffered damages *in an amount* to be determined at trial". No 11th Circuit opinion has never treated medical expenses as an item of special damages within the contemplation of Rule 9(g). In fact, a search for "9(g)" only reveals 30 cases addressing this rule, 20 of which are district court or bankruptcy cases. Of the 10 11th Circuit appellate cases: (1) an inapposite tax case (US v. Hanks, 2014-1 U.S. Tax Case (CCH) P50, 330 (2014)); (2) dealing with section 9(g) of a contract, not Rule 9(g) (TYR Tactical, LLC v. Protective Prods. Enters., LLC, 711 Fed. Appx. 968 (11th Cir. 2017)); (3) addressing a motion for attorney's arising out of an appeal to which Rule 9(g) is inapplicable (Freeman v. Rice, 548 Fed. Appx. 594, 596 (11th Cir. 2013)); (4) dealing with the insufficient pleading special damages in a defamation case (McGowan v. Homeward Residential, Inc., 500 Fed. Appx. 882, 886 (11th Cir. 2012)); (5) dealing with section 3626(g)(9)(g)(7) of the Prison Litigation Reform Act, not Rule 9(g) (Rowe v. Jones, 483 F.3d 791, 795 (2007)); (6) and (7) addressing section 550.63059(g)(1) of Florida's Pari-Mutuel Wagering Act, not Rule 9(g) (Gulfstream Park Racing Ass'n v. Tampa Bay Downs, Inc., 479 F.3d 1310, 1312 (11th Cir. 2007) and Gulfstream Park Racing Ass'n v. Tampa Bay Downs, Inc., 399 F.3d 1276 (11th Cir. 2005)); (8) reconciling Fed. R. Civ. P. Rule 8 with a state statute requiring leave of court before seeking punitive damages in a deceptive advertising suit (Cohen v. Office Depot, Inc., 184 F.3d 1292 (11th Cir. 1999)); (9) addressing section 5.9(g) of a contract, not Rule 9(g) (Pyles v. United Air Lines, 79 F.3d 1046 (11th Cir. 1996)); and (10) addressing Rule 9(g) non-substantively and only as part of the factual recital explaining a defendant's prayer for relief (Thunderbird, Ltd. v. First Federal Sav. & Loan Ass'n, 908 F.2d 787, fn. 3 (11th Cir. 1990)). No 11th Circuit appellate opinion defines "special damage" at all, let alone in the context of medical expenses incurred for end of life care as a result of alleged deliberate indifference to a pre-trial detainee's serious medical conditions. In the state system, when confronted with this issue, a defendant's remedy is clear: addressing O.C.G.A. 9-11-9(g), the remedy for failure to plead special damages is to move for a more definite statement of plaintiff's claim. *See* Gibbons, 245 Ga. App. 79, 90 (2000) and Haynie, 216 Ga. App. 430, 432 (1995). Neither Corizon nor Kennedy have moved for a more definite statement. Plaintiffs have sufficiently plead special damages. Moreover, to the extent necessary, pursuant to Kearney v. Auto-Owners Ins. Co., 422 Fed. Appx. 812, 816 (11th Cir. 2011)(internal

(ii) Special damages for future lost wages[3];

(iii) General damages for all physical and emotional injuries, including without limitation to, pain and suffering interference with normal living; interference with enjoyment of life; loss of capacity to labor and earn money; impairment of bodily health and vigor; fear of extent of injury; shock of impact; actual pain and suffering, past and future; mental anguish, past and future; and the extent to which plaintiffs must limit activities;

(iv) General damages for the full value of Matthew Loflin's life, as shown by the evidence, without deduction for necessary or other personal expenses of Matthew Loflin had he lived;

(v) Punitive damages[4];

(vi) No non-monetary relief is sought.

Defendants object to Plaintiffs seeking special damages, as they were not prayed for or enumerated in the Complaint or Amended Complaint. FRCP 9(g). Plaintiffs only prayed for "the full value of

---

citation/punctuation omitted) holding that "[a]lthough a party's pleadings generally identify the dispute between two parties, the pre-trial order supersedes the pleadings and becomes the governing pattern of the lawsuit", Plaintiffs hereby move for inclusion their special damages claims in this pretrial order preserving the same for presentation to the jury.

[3] The full value of Matthew Loflin's life "cover the losses suffered by the injured person and include economic components, such as lost earnings". Bibbs v. Toyota Motor Corp., 304 Ga. 68, 75-76 (2018).

[4] While "Georgia law does not allow punitive damages to be recovered in a wrongful death action, such damages can be recovered as part of a survivorship action. Mascarenas v. Cooper Tire & Rubber Co., 643 F. Supp. 2d 1363, 1378 (S.D. Ga. 2009)". Duling v. Domino's Pizza, LLC, 2015 U.S. Dist. LEXIS 71477 at * fn. 4 (N.D. Ga. 2014).

> the life of Matthew Loflin" and "costs of suit and reasonable attorney's fees." (Docs. 1 and 92).
> Defendants object to Plaintiffs seeking to recover for the costs associated with Matthew Loflin's care while he was a detainee at the CCDC. The undisputed evidence is that Corizon Health paid all of those expenses and Matthew Loflin and his family did not incur any costs through April 22, 2014. To permit Plaintiffs to recover those costs as damages now would result in a windfall[5].
> Plaintiffs cannot recover punitive damages for wrongful death under O.C.G.A. §51-1-4, et seq. because Georgia's wrongful death statute is punitive. See e.g., Ortiz v. Wiwi, 2012 U.S. Dist. LEXIS 137881 (M.D. Ga. Sep. 26, 2012).

(c) In all cases involving alleged permanent injuries or death, furnish a full statement as to the age, alleged life expectancy and/or probable duration of the injuries, and earnings, income tax records or other records to prove earnings:

   (i)   Matthew Loflin was born on October 30, 1981 and was 32 years old at the time of his death on April 24, 2014;

   (ii)  Pursuant to O.C.G.A. § 24-14-44, and the ANNUITY MORTALITY TABLE FOR 1949, ULTIMATE, Matthew Loflin's life expectancy was 42.70 additional years, which is consistent with the testimony of Dr. Charles Wickliffe that "[w]ith adequate treatment Matthew Loflin could have had significant remaining life expectancy". DOC. 94-5, Exhibit 3;

   (iii) At the time of his death, Matthew Loflin was a pre-trial detainee at the Chatham County Detention Center. Prior to his detention, he was earning $12.00 per hour as an oyster harvester, and also worked as a shrimper and roofer. Plaintiffs intend to rely, in part, upon a 2013 IRS Form 1099 from DJL Construction Corp. D/B/A Penta Communications and a 2013 IRS Form 1099 from Edisto Queen, LLC.

---

[5] Plaintiffs object to any improper assertion, statement, argument or evidence regarding any inadmissible collateral source. ML Healthcare Servs., LLC v. Publix Super Mkts., Inc., 881 F.3d 1293 (11th Cir. 2018).

12. **CONTRACT CASES**.  In contract cases or any other action not addressed in paragraphs 10 or 11, any party having a burden of proof shall outline the particular alleged breach of contract or the basis of any other cause of action, enumerate any applicable statute involved, and detail the damages or relief sought and recite appropriate supporting authority.  **NOT APPLICABLE**.

13. **AGENCY**. Defendant Corizon Health, Inc. admits and stipulates that Defendant Scott H. Kennedy, M.D. was its agent at all relevant times. Defendants object to Plaintiffs using the admission of agency as a way to backdoor *respondeat superior* or vicarious liability against Corizon Health in contravention to Monnell.

14. **BURDENS OF PROOF; ARGUMENTS**.  Plaintiffs have the burden of proof on liability and damages.  Defendants have the burden of proof on the affirmative defense of apportionment and/or contributory negligence.  Plaintiff has the right to first priority opening argument to the jury and the right to first priority, split, or final closing argument to the jury unless the Defendants tender no evidence or call or no witnesses on direct examination.  Plaintiffs also bear the burden of proving causation.

15. **WITNESSES**.  Under this paragraph, both plaintiff(s) and defendant(s) should separately list the witnesses whom each will have present at the trial and those whom each may have present at the trial.  Witnesses intended to be used solely for impeachment shall be listed; however, if a party has a genuine reason for not listing and disclosing an impeachment witness, such party may address the Court *ex parte* and seek a ruling as to whether disclosure may be properly withheld.  A representation that a party will have a witness present may be relied on by the opposing party unless notice to the contrary is given in sufficient time prior to trial to allow the opposing party to subpoena the witness or obtain his testimony.  If a witness is not listed when the proposed pretrial order is filed, the Court will not allow the addition of a witness by any party, EXCEPT for providential or other good cause shown to the Court by application for amendment to this Order.

    **NOTE:   COUNSEL MUST SUBMIT TO THE COURTROOM DEPUTY CLERK THREE COPIES OF THE TYPED WITNESS LIST AT THE PRETRIAL CONFERENCE.**

**PLAINTIFFS:**

*Will call*:

1. Belinda Maley;
2. Gene Loflin.

*May call*:

1. Reverend Alfred C. Banks, Jr.;
2. Brett Burgess, M.D.;
3. Elicia Chamberlin;
4. Carl Dell;
5. Gretchen Derryberry;
6. Valerie Dickens;
7. Trent Eason;
8. Pablo Elizalde, M.D.;
9. Officer David N. Gellatly;
10. Thomas M. Gilberg;
11. Roy Harris;
12. Horace Harn;
13. Betty Jo Harper;
14. Beverly Howell;
15. Betty Jean Jenkins;
16. Betty McRae;
17. Darrell McRae;
18. Joseph Morris, Jr.;
19. Charles M. Pugh, Jr., M.D.;
20. Scott H. Kennedy, M.D;
21. Melissa Sue Kohne;
22. Joe Maley;
23. Nancy Monson;
24. Virginia O'Neill;
25. Betty L. Riner;
26. Charles Wickliffe, M.D.;
27. Sheriff John T. Wilcher;
28. Lynne Williams;
29. Any witness required for authentication.

**DEFENDANTS:**  See attached list.

Defendants will call:

Defendants may have present at trial:

16. **DOCUMENTS AND PHYSICAL EVIDENCE**.  All documents and physical evidence that may be tendered at the trial shall be exhibited to and initialed by opposing parties <u>prior to the pretrial conference</u>.  All evidence shall be marked by the parties prior to the pretrial conference, and <u>the parties are encouraged to submit a joint exhibit list on a form supplied by the Clerk</u>.  If separate exhibit lists are submitted, they shall be submitted on the forms supplied.  Duplications of exhibits should be avoided to the extent practicable.  Exhibit lists should be submitted to the Court at the pretrial conference.  The material therein shall be identified as follows:

    (a) A list of documents and physical evidence submitted as joint exhibits.

    (b) Where separate lists are being submitted, a list of documents and physical evidence to be introduced by the plaintiff(s).  Copies of such exhibits shall be provided to counsel for each other party.

       Objections and reasons therefor shall be stated in writing and be filed five (5) days prior to the time of the pretrial conference.  <u>Items not objected to will be admitted when tendered at trial</u>.

    (c) Where separate lists are being submitted, a list of documents and physical evidence to be introduced by the defendant(s).  Copies of such exhibits shall be provided to counsel for each other party.

       Objections and reasons therefor shall be stated in writing and be filed five (5) days prior to the time of the pretrial conference.  <u>Items not objected to will be admitted when tendered at trial</u>.

    (d) Any document or other physical evidence listed by any party and not objected to, or to which objections have been overruled, may be received in evidence on offer by any other party, in the event the listing party does not actually offer it into evidence.

    (e) The foregoing shall not be deemed or construed to expand or limit the rules relating to the admissibility of evidence generally.

> **NOTE: COUNSEL MUST SUBMIT TO THE COURTROOM DEPUTY CLERK <u>THREE</u> COPIES OF THE TYPED WITNESS LIST AT THE PRETRIAL CONFERENCE. All exhibits shall be cross-initialed by the attorneys for the parties and properly tagged as required by the Local Rules of this District. This cross-initialing procedure shall be completed when counsel meet to confer on the preparation of the pre-trial order.**

Plaintiffs and Defendants have exchanged exhibits lists and are continuing to work collaboratively to finalize as many joint exhibits as possible. The parties will prepare and submit their Exhibit List in compliance with the requirements of this section and the Court's September 28, 2018 Order and Notice of Pretrial Proceedings (DOC. 108).

17. **DEPOSITION TESTIMONY**. The following is a list of all witnesses whose testimony by deposition *may* be offered by **<u>Plaintiffs</u>** and the specific deposition pages and lines to be offered: Any deposition whose use is authorized pursuant to Federal Rule of Civil Procedure 32, as interpreted, and Local Rule 32.1, to the extent admissible and otherwise redacted to comply with subsection 17(a) herein below.

    All objections by opposing parties to any portions of the deposition(s) shall be set forth with specific reference to the portion of the testimony objected to and the basis therefor.

    (a) Prior to trial, counsel shall confer to eliminate all extraneous, redundant, and unnecessary matter, lapses, and colloquy between counsel in the deposition excerpts. Counsel shall also attempt to resolve all objections to deposition testimony to be offered.

    (b) The parties shall, if practicable, conform deposition exhibit numbers in trial questions and testimony to the numbers of trial exhibits.

    **<u>DEFENDANTS</u>:** Defendants do not anticipate using any depositions at this time.

18. **MEMORANDUM OF AUTHORITY**. Each party shall separately provide a memorandum of authorities as to any questions of law likely to arise at the

trial, including the merits of plaintiff(s)' claim, defenses asserted, matters of evidence, etc.

19. **TRIAL LENGTH**.  Plaintiffs' counsel estimates <u>four (4) days</u>, not counting jury selection, to present plaintiffs' case. Defendants' counsel estimates <u>five to seven (5 to 7) days</u> to present the defense.

20. **SETTLEMENT**.  Plaintiff(s) have offered to settle. Defendant(s) have offered to settle. It appears at this time that there is:
    \_\_\_ A good possibility of settlement.
     X  Some possibility of settlement.
    \_\_\_ No possibility of settlement.

    The parties **do** wish to confer with the Court regarding settlement.  The parties are scheduled to mediate this matter on November 20, 2018 with Roger Mills in Macon, GA.

21. **OTHER MATTERS**. Other matters, including rulings desired of the Court prior to trial presently include:

    **PLAINTIFFS: None at this time.**

    **DEFENDANTS: None at this time.**

22. **BIFURCATION**.

    **PLAINTIFFS:**

    The issues of liability and damages, including plaintiffs' entitlement to but not the amount of punitive damages, should not be tried separately (bifurcated) but bifurcation or a second trial phase would be necessary to establish the amount of punitive damages Plaintiffs are entitled to.  Plaintiffs submit that bifurcation would lengthen rather than shorten trial.  If and only if the first phase results in a determination of Plaintiffs' entitlement to punitive damages should the issue of the amount of said damages be submitted to the jury.

    **DEFENDANTS:**

Plaintiffs are seeking punitive damages. The Court should bifurcate the trial into a liability phase and a punitive damages phase.

23. **PROPOSED SPECIAL VERDICT**. Counsel intend to submit a joint special verdict form and are close to finalizing same. If there are any disagreements, the parties will submit their objections.

24. **NON-JURY CASES**. In non-jury cases, the parties shall each file their proposed findings of fact, summary of depositions, and conclusions of law not later than one week prior to the assigned trial date. **NOT APPLICABLE.**

IT IS HEREBY ORDERED that the foregoing constitutes a PRETRIAL ORDER in the above case(s), that it supersedes the pleadings which are hereby amended to conform hereto and that this PRETRIAL ORDER shall not be amended except by ORDER OF THE COURT.

This 29th day of October, 2018.

**JONES, OSTEEN & JONES**
/s/ Carl R. Varnedoe
CARL R. VARNEDOE
State Bar No. 725375
Counsel for Plaintiffs

608 E. Oglethorpe Highway
Hinesville, GA 31313
(912) 876-0888
(912) 368-5536 (facsimile)
cvarnedoe@jojlaw.com

**CARLOCK COPELAND**
/s/ Eric J. Frisch
ERIC J. FRISCH
State Bar No. 261683
Attorneys for Corizon Health, Inc. and Scott H. Kennedy, M.D.

191 Peachtree Street, NE
Suite 3600
Atlanta, Georgia 30303
404-522-8220
..........
P.O. Box 56887
Atlanta, Georgia 30343-0887
efrisch@carlockcopeland.com