IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

BELINDA LEE MALEY, individually )
and on behalf of the Estate of )
Matthew Clinton Loflin, )
deceased; and GENE LOFLIN, )
individually; )
 )
    Plaintiffs, )
 )
v. ) CASE NO. CV416-060
 )
CORIZON HEALTH, INC., a )
Delaware Corporation; CORIZON, )
LLC, a Missouri Limited )
Liability Company; CHATHAM )
COUNTY, a Georgia County; ROY )
HARRIS; ESTATE OF AL ST. )
LAWRENCE; JOHN WILCHER, )
individually and in his )
official capacity as Jail )
Administrator; SCOTT KENNEDY, )
M.D.; ADAMAR GONZALEZ, M.D.; )
and VIRGINIA O'NEILL; )
 )
    Defendants. )
 )

## O R D E R

Before the Court are Plaintiffs' Motion in Limine (Doc. 118) and Second Motion in Limine (Doc. 121). In their motions, Plaintiffs contest a variety of proposed exhibits[1] that

---

[1] The Court notes that neither party has appropriately cited to any of these proposed exhibits in the record. Instead of providing citations based on this Court's docketing system, the parties have provided references to various documents that may or may not be scattered throughout this Court's docketing system. While the Court has attempted to locate some of the documents, it is not the Court's responsibility to locate the exhibits that Plaintiffs are requesting to be excluded.

Defendants have suggested may be used at trial in this case. For the following reasons, Plaintiffs' motions are **GRANTED IN PART**, **DENIED IN PART** and **DEFERRED IN PART**.[2]

## BACKGROUND

This case arises from the incarceration and subsequent death of Matthew Loflin from congestive heart failure at the Chatham County Detention Center ("CCDC") while in the care of Defendant Corizon Health Inc. ("Corizon"). (Doc. 1.) After his death, Loflin's mother, Plaintiff Brenda Maley, brought suit individually and on behalf of the Estate of Matthew Loflin. (Id.) In an amended complaint, Loflin's father, Plaintiff Gene Loflin, subsequently joined suit in his individual capacity. (Doc. 92.) In the amended complaint, Plaintiffs allege that Defendants Dr. Scott Kennedy and Corizon were deliberately indifferent to Loflin's critical medical needs while detained at

---

Accordingly, the Court was forced to consider Plaintiffs' arguments without any opportunity to examine the exhibits in question. As a result, the Court has taken the parties' description of the contents of the exhibits as true for the purposes of this Order. This Court's decision to defer ruling on many of Plaintiffs' request is due to the parties' failure to provide these exhibits for the Court's consideration.

[2] The Court notes that the parties have filed updated exhibit lists for use at trial that may contain different exhibit numbers or exhibits than the ones discussed in this Order. For clarity, the Court has used the exhibit numbers contained in Plaintiffs' two motions in limine and Defendants' responses. To the extent that any exhibit number has changed from those used in the briefing before the Court, the parties are instructed that the rulings in this Order still apply. The parties are responsible for ensuring that the directions within this Order are followed as detailed throughout this Order.

the CCDC. (Id.) Plaintiffs have filed this action seeking damages under 42 U.S.C. § 1983 for the alleged deliberate indifference to Loflin's medical needs and his subsequent wrongful death. (Id.) As a result of this Court granting in part and denying in part Defendants' motions for summary judgment, Plaintiffs' deliberate indifference and corresponding wrongful death claims remain against both Defendant Kennedy and Defendant Corizon. (Doc. 103.)

Trial has been scheduled in this case for July 15, 2019. In preparation for trial, Plaintiffs have filed two motions in limine, seeking to exclude many of Defendants' proposed exhibits. (Doc. 118; Doc. 121.) Because Plaintiffs have challenged a variety of Defendants' exhibits, the Court will discuss each challenge below.

**ANALYSIS**

I. STANDARD OF REVIEW

"The real purpose of a Motion In Limine is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence, which may irretrievably affect the fairness of the trial." Stewart v. Hooters of Am., Inc., No. 8:04-CV-40-T17-MAP, 2007 WL 1752873, at *1 (M.D. Fla. June 18, 2007). "The court excludes evidence on a Motion In Limine only if the evidence is clearly inadmissible for any purpose." Id. "Accordingly, if evidence is not clearly inadmissible,

evidentiary rulings must be deferred until trial to allow questions of foundation, relevancy, and prejudice to be resolved in context." Id. (citation and emphasis omitted).

In this case, Plaintiffs focus the gravamen of their briefing on challenges to the relevancy of many of Defendants' proposed exhibits. For evidence to be relevant, it must "hav[e] any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. While relevant evidence is generally admissible, the "evidence may be excluded if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

II. Defendants' Proposed Exhibit 13

Defendants' Proposed Exhibit 13 is a 2-page document detailing all of Matthew Loflin's medical expenses. (Doc. 118 at 2.) Plaintiffs contend that this exhibit is inadmissible under the collateral source rule. (Id. at 2-5.) Plaintiffs argue that Defendant Kennedy did not pay for any of the medical expenses in this case and, therefore, cannot offer evidence that Loflin's medical expenses were paid by a third party. (Id.)

4

The collateral source rule "gives [a plaintiff] the right to recover damages undiminished by collateral benefits. It refuses credit to the benefit of a tortfeasor of money or services received by the plaintiff in reparation of the injury or damage caused which emanate from sources other than the tortfeasor." ML Healthcare Servs., LLC v. Publix Super Mkts., Inc., 881 F.3d 1293, 1298 (11th Cir. 2018). In this case, however, the collateral source rule does not appear to bar the admission of Defendants' Exhibit 13.

The collateral source rule is designed to prevent parties from introducing evidence that a plaintiff is entitled to less recovery because a third party paid for some of the plaintiff's medical expenses. According to Defendants, however, Exhibit 13 offers no evidence that a collateral source or third party to this action paid for Loflin's medical bills. (Doc. 122 at 3-4.) Instead, Defendants assert that the medical bills detailed in the exhibit simply detail the various expenses incurred on Loflin's behalf and which expenses were paid by Defendant Corizon, not a third party. (Id.) If Defendants' description is true, these expenses would be directly relevant to the potential recovery in this case and would not show that a third party paid for any of these expenses on Loflin's behalf. Accordingly, there would be no collateral source issue in this case. Because the

5

parties have not provided this exhibit for the Court's review, however, the Court must defer ruling on this issue until trial.

III. Defendants' Proposed Exhibit 22

Defendants' Proposed Exhibit 22 contains an affidavit in which Plaintiff Belinda Maley swears to her legal relationship with Matthew Loflin, an authorization to disclose his health information, and an authorization for an attorney to receive Loflin's medical records. (Doc. 118 at 5.) Plaintiffs contend that this exhibit is irrelevant to the issues in this case and may potentially be offered simply to show the jury that an attorney was consulted within one month of Loflin's death. (Id. at 5-6.) In response, Defendants have agreed to exclude this exhibit. (Doc. 122 at 4.) Accordingly, Defendants will not be permitted to use this exhibit at trial.

IV. Defendants' Proposed Exhibit 26

Defendants' Proposed Exhibit 26 is a copy of Chatham County's Request for Proposal for Health Services at the CCDC. (Doc. 118 at 6.) This document shows Chatham County's bid requirements for the bid that eventually resulted in a contract with Defendant Corizon for the provision of healthcare services at the CCDC. (Id.) Plaintiffs contend that this exhibit is not relevant to any of the facts or issues in this case. (Id. at 6-7.) In response, Defendants contend that this document is relevant because it shows Chatham County's expectations for the

services to be provided by Defendant Corizon. (Doc. 122 at 4-5.) Defendants assert that this information is directly relevant to Plaintiffs' argument that Defendant Corizon made decisions with respect to Loflin's care in order to save money. (Id.)

After a careful review, this Court is inclined to agree with Defendants. Without the context of trial, however, this Court is unable to fully make a determination as to whether this exhibit is relevant to the issues that will be presented at trial. At this time, the Court defers ruling on Plaintiffs' request to exclude this exhibit. Plaintiffs may raise this issue at trial if necessary.

V. Defendants' Proposed Exhibit 27

Defendants' Proposed Exhibit 27 is a presumably bound-book created by the National Commission on Correctional Healthcare that details the standards for healthcare services in jails. (Doc. 118 at 7.) Plaintiffs contend that this evidence is irrelevant to the underlying action in this case. (Id.) Additionally, Plaintiffs complain that the book is too large and will constitute a "dump" of information on the jury. (Id.) For their part, Defendants argue that Exhibit 27 is relevant to the central issues in this case. (Doc. 122 at 5.) In Defendants' view, the standards will be used to challenge Plaintiffs' central argument in this case—that Defendant Corizon acted deliberately indifferent to Loflin's medical needs in order to

7

cut costs. (Id.) Defendants argue that the standards are relevant to establish that Defendant Corizon provided Loflin with sufficient medical care. (Id.)

Without the context of trial, the Court is again unable to fully assess the relevancy of Exhibit 27. Based on the limited arguments presently before the Court, the Court finds that the evidence is likely relevant to the issues at trial. The Court, however, defers ruling on Plaintiffs' request at this time. Plaintiffs are permitted to raise this objection at trial if necessary.

VI. Defendants' Proposed Exhibit 28

Defendants' Proposed Exhibit 28 contains several documents. These documents include various policies implemented by Defendant Corizon with respect to, among other things, the use of emergency services, screening procedures, telemedicine guidelines, and outpatient referrals. (Doc. 118 at 7.) Plaintiffs complain that many of these policies are not relevant to the issues in this case and should not be admissible at trial. (Id. at 7-9.) In response, Defendants have agreed to limit this exhibit to only include policies about outpatient referral services and the use of emergency services. (Doc. 122 at 7.)

After careful consideration, the Court will permit Defendants to admit these policies, along with the Attestation

of Approval signed by Dr. Pugh and Virginia O'Neill that these policies were received. In this Court's view, these policies are directly relevant to the central issues in this case.

VII. Defendants' Proposed Exhibit 29

Similarly to Defendants' Proposed Exhibit 28, Defendants' Proposed Exhibit 29 also contains a variety of policies used by Defendant Corizon. (Doc. 118 at 9.) These policies are related to vision care, restraint and seclusion, use of tobacco and other topics which Plaintiffs assert are not related to this action. (Id.) Defendants have agreed to limit the use to this exhibit to policies and procedures that are directly relevant to this case. (Doc. 122 at 9.) As a reminder, Defendants will not be permitted to overload the jury with information about policies and procedures that do not relate to the facts of this case. To the extent that Defendants violate this directive, Plaintiffs are permitted to raise this argument at trial.

VIII. Defendants' Proposed Exhibit 30

Defendants' Proposed Exhibit 30 is a copy of Chatham County Sherriff's Department Select Policies and Procedures. (Doc. 118 at 11.) Plaintiffs again argue that these procedures are not relevant to any of the issues in this case. (Id. at 11-12.) Additionally, Plaintiffs complain that the exhibit contains 738 pages, many of which do not provide any relevant information. (Id. at 11.) In response, Defendants have consented to

9

significantly limit the scope of this exhibit. (Doc. 122 at 10.) Defendants contend that they will only introduce evidence related to the facts of this case and certain policies related to security standards for transporting patients offsite. (Id.)

Without the context of trial or the exact policies that are being offered, the Court is unable to fully rule on which sections of Defendants' Proposed Exhibit 30 will be admissible at trial. Again, however, the Court reminds the parties that extraneous information not related to the issues in this case will not be admitted at trial. To the extent that Defendants do not comply with this instruction, Plaintiffs are permitted to renew any objections to any policies that are offered at trial.

IX. Defendants' Proposed Exhibit 31

Defendants' Proposed Exhibit 31 is an accreditation report in which the Medical Association of Georgia verified that Defendant Corizon was providing sufficient healthcare services at the CCDC. (Id. at 12.) Plaintiffs assert that this exhibit does not contain any information relevant to the facts of this case. (Id. at 12-13.) Defendants assert that this exhibit shows that Defendant Corizon was providing sufficient healthcare services at the CCDC. (Doc. 122 at 10-11.) On first impression, the Court questions the relevancy of this document to the trial in this case. The mere fact that Defendant Corizon has complied with certain standards does not prove or disprove that Defendant

10

Corizon was deliberately indifferent to Loflin's medical needs. Without the context of trial or the exhibit, however, the Court cannot exclude Defendants' exhibit at this time. Plaintiffs will be permitted to raise this argument at trial.

X. Defendants' Proposed Exhibit 32

Defendants' Proposed Exhibit 32 is a 97-page document detailing the time of all hours worked by Corizon employees at the time Matthew Loflin was a pre-trial detainee. (Doc. 118 at 12.) Plaintiffs argue that this information does not show any time worked by Defendant Kennedy and is irrelevant to the issues in this case. (Id. at 13-14.) Plaintiffs assert that they do not intend raise any claim that Defendant Corizon was understaffed. (Id. at 14.) In response, Defendants have agreed to withdraw Exhibit 32. (Doc. 122 at 11.) Accordingly, Plaintiffs' request to exclude this exhibit is granted.

XI. Defendants' Proposed Exhibit 33

Defendants' Proposed Exhibit 33 is a spreadsheet that details all services rendered at the CCDC during 2014. (Doc. 118 at 15.) Plaintiffs assert that this information is irrelevant to the issues in this case and may be prejudicial if presented the jury. (Id. at 15-16.) Plaintiffs purport that the exhibit may be improperly used by Defendants to show the jury that Defendant Corizon oversee the care of many patients and, therefore, should be given leniency by the jury. (Id. at 15.) Moreover, Plaintiffs

11

assert that only the medical care specifically provided to Matthew Loflin is at issue in this case. (Id.)

Defendants refute Plaintiffs' position and argue that this information is directly relevant to Plaintiffs' central Monell claim that Defendant Corizon maintained a policy or custom of denying detainees access to sufficient medical care in favor of cutting costs. (Doc. 122 at 11-12.) Defendants provide that this evidence will show that Defendant Corizon did actually provide significant medical care to those at the CCDC. (Id.)

After careful consideration, the Court is unable to fully determine the relevancy of Defendants' Proposed Exhibit 33 at this time. Accordingly, the Court defers ruling on this issue. To the extent that Plaintiffs argue at trial that Defendants have a policy of providing insufficient care to detainees at the CCDC, then this exhibit may be relevant. However, the relevancy of this exhibit and the scope in which will be presented to the jury, depends on the testimony and evidence presented at trial. Defendants will not be permitted to simply argue that they should not be liable in this case because they provided services to other inmates. Plaintiffs are permitted to raise this argument again at trial.

XII. Defendants' Proposed Exhibits 34, 35, and 36

Defendants' Proposed Exhibits 34, 35, and 36 are spreadsheets detailing expenses that Defendant Corizon paid to

12

outside vendors for medical care of pretrial detainees at the CCDC. (Doc. 118 at 16-17.) Again, Plaintiffs argue that these exhibits are irrelevant to the facts of this case. (Id. at 16-18.) As discussed above, however, these exhibits may be relevant to the extent that Plaintiffs attempt to argue that Defendants have maintained a policy of denying adequate healthcare in order to cut costs. As a result, the Court defers ruling on Plaintiffs' request at this time. Plaintiffs are again permitted to raise this argument at trial.

XIII.  Defendants' Proposed Exhibits 37 and 38

Defendants' Proposed Exhibit 37 is a spreadsheet which shows the number of detainees that were referred to the emergency room in 2014 and Defendants' Proposed Exhibit 38 is a summary showing the 77 emergency room referrals made in 2014. (Doc. 118 at 18.) Plaintiffs contend that these exhibits are irrelevant to the question in this case of whether Defendants were deliberately indifferent to Loflin's medical needs. (Id. at 18-19.) As stated throughout this Order, however, the Court is unable to make this relevancy determination at this time. Defendants' ability to present these exhibits is dependent on the evidence offered at trial. At this time, the Court defers ruling on Plaintiffs' request.

13

XIV. Defendants' Proposed Exhibit 41

Defendants' Proposed Exhibit 41 contains four spreadsheets. Three of the four spreadsheets contain information about different services rendered by month from 2012-2014 by Defendant Corizon at the CCDC. (Doc. 118 at 19.) The fourth spreadsheet shows the daily detainee population at the CCDC in 2013 and 2014. (Id.) Plaintiffs contend that these spreadsheets are irrelevant to the facts at issue in this case and do not prove any issue related to the care that Loflin received. (Id. at 19-20.) For their part, Defendants agree not to use the spreadsheet at trial that shows the detainee population by day in 2013 and 2014. (Doc. 122 at 15.) Defendants, however, argue that the remaining spreadsheets are relevant because they again show that Defendant Corizon did not maintain a policy of denying access to medical care in order to save money. (Id.)

Again, this Court is unable to fully determine the relevancy of Defendants' exhibits at this time. The Court, however, will not permit Defendants to overwhelm the jury with information only tangentially related to the facts in this case. In this Court's view, information about services provided each month in 2012 and 2013 is irrelevant to this case and should not be used at trial. With respect to the spreadsheet detailing the services rendered in 2014, the Court can only assess the relevancy of this exhibit within the context of trial.

14

XV. Defendants' Proposed Exhibit 42

Defendants' Proposed Exhibit 42 shows the detainee population at the CCDC. (Doc. 118 at 20.) At this time, Defendants have agreed to withdraw this exhibit. (Doc. 122 at 15.) Accordingly, Plaintiffs' request is granted.

XVI. Defendants' Proposed Exhibits 47, 48, and 49

Defendants' Proposed Exhibit 47 is a copy of the 2013 Corizon Health New Employee Orientation Practitioner Manual, Defendants' Proposed Exhibit 48 is a copy of the 2013 Health New Employee Orientation Practitioner II Jail Manual, and Defendants' Proposed Exhibit 49 is a memorandum that discusses the implementation of a new process. (Doc. 118 at 21-22.) Plaintiffs have requested that this Court prohibit Defendants from using any of these exhibits at trial because Plaintiffs argue that these exhibits are irrelevant to the issues in this case. (Id. at 21-23.) Defendants have agreed not to use these exhibits at trial to the extent that Plaintiffs do not argue that Defendant Corizon failed to properly train its staff. (Doc. 122 at 16.) Accordingly, Plaintiffs' request is granted.

XVII. Defendants' Proposed Exhibit 50, 51, and 52

Defendants' Proposed Exhibit 50 is a criminal background screening for Dr. Charles Pugh, Defendants' Proposed Exhibit 51 is a criminal background screening for Betty Riner, and Defendants' Proposed Exhibit 52 is a criminal background

screening for Lynne Williams. (Doc. 118 at 23.) Plaintiffs assert that these background screenings are irrelevant to the facts in this case and should be excluded from trial. (Id. at 23-24.) At this time, Defendants have agreed to withdraw these exhibits. (Doc. 122 at 16-17.) Defendants, however, will be permitted to use these exhibits for impeachment purposes.

XVIII. Defendants' Proposed Exhibits 54 and 55

Defendants' Proposed Exhibit 54 is a Chatham County manual that outlines the rights and procedures applicable to CCDC detainees for requesting access to medical care and Defendants' Proposed Exhibit 55 is an inmate bulletin that conveys similar information as to the rights of CCDC detainees to request medical care. (Doc. 118 at 24.) Plaintiffs assert that these exhibits are irrelevant to the facts in this case because there is no evidence in this case that Loflin even knew of these policies. (Id. at 24-26.) Moreover, Plaintiffs contend that these exhibits do not help to determine whether Defendant Corizon was deliberately indifferent to Loflin's medical need. (Id.) As stated previously throughout this Order, it is difficult for this Court to make relevancy determinations without the context of trial. Accordingly, the Court defers ruling on Plaintiffs' request at this time and Plaintiffs are permitted to raise this argument again at trial.

XIX. <u>Defendants' Proposed Exhibit 20</u>

Defendants' Proposed Exhibit 20 is a 112-page document from the Bryan County Sheriff's Department that contains Loflin's booking records from 2003 to 2011. (Doc. 121 at 2.) Plaintiffs argue that this information should be excluded because it is highly prejudicial and does not offer any probative value. (<u>Id.</u> at 3.) Additionally, Plaintiffs assert that this evidence should not be used for impeachment purposes. (<u>Id.</u>) For their part, Defendants argue that this information is probative because it (1) establishes that Loflin was familiar with CCDC policies and his ability to request medical care, (2) provides relevant information for the jury in determining the value of Loflin's life, and (3) relates to Defendants' causation argument that Loflin's congestive heart failure was caused by prior drug use. (Doc. 123 at 3-4.)

After careful consideration, the Court finds that Defendants will likely be permitted to use this exhibit at trial and denies Plaintiffs' request at this time. Although the Court is aware of the potential prejudicial effect that can be caused by these records, the Court finds that this potential prejudice does not substantially outweigh the probative value of the evidence. Defendants have established that this exhibit should be admitted in light of their probative value. The Court notes, however, that the scope of this exhibit may be limited at trial.

XX. <u>Defendants' Proposed Exhibits 21 and 43</u>

Defendants' Proposed Exhibit 21 is a compilation of incident reports involving Loflin from the Richmond Hill Police Department and Defendants' Proposed Exhibit 43 is a Motor Vehicle Accident Report that shows that Loflin was arrested on a warrant for Theft by Receiving Stolen Auto in 2014. (Doc. 121 at 3-4.) As with Defendants' Proposed Exhibit 20, Plaintiffs argue that these exhibits are prejudicial and should be inadmissible. (<u>Id.</u> at 3-4.) In response, Defendants have agreed to only use these exhibits as impeachment evidence. (Doc. 123 at 4.)

Despite Defendants' argument, however, the Court is unable to determine how these exhibits could be appropriately used for impeachment purposes. Without any specific argument from Defendants or the context of trial, the Court is unable to fully determine whether Defendants' will be permitted to use these exhibits as impeachment evidence. Due to Defendants' agreement, however, Defendants' will not be permitted to use these exhibits for any other purpose. The Court defers ruling on whether Defendants will be permitted to use these exhibits as impeachment evidence.

SO ORDERED this 11th day of July 2019.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA