```
IN THE UNITED STATES DISTRICT COURT FOR
    THE SOUTHERN DISTRICT OF GEORGIA
           SAVANNAH DIVISION
```

BELINDA LEE MALEY,  )
individually and on behalf of  )
the Estate of Matthew Clinton  )
Loflin, deceased; and GENE  )
LOFLIN, individually;  )
  )
    Plaintiffs,  )
  )
v.  )    CASE NO. CV416-060
  )
CORIZON HEALTH, INC., a  )
Delaware Corporation, and  )
SCOTT KENNEDY, M.D.,  )
  )
    Defendants.  )
_____  )

## O R D E R

Before the Court is Plaintiffs' Motion for Attorneys' Fees and Costs (Doc. 151) and Defendants' Motion to Enforce Settlement (Doc. 152). For the following reasons, Plaintiffs' motion (Doc. 151) is **DENIED** and Defendants' motion (Doc. 152) is **GRANTED**.

### BACKGROUND

On February 22, 2016, Plaintiff Belinda Maley filed this action seeking to recover for the wrongful death of her son, Matthew Loflin. (Doc. 1.) Loflin's father, Gene Loflin, was later added as a plaintiff in this action. (Doc. 92.) Plaintiffs sought to recover under 42 U.S.C. § 1983 against Defendant Corizon Health, Inc. ("Corizon") and Defendant Dr. Scott Kennedy for the alleged deliberate indifference to Loflin's medical condition. (Doc. 1.)

Plaintiffs' amended complaint also requested that "the Court require Defendant Corizon to pay the legal costs and expenses herein including reasonable attorney's fees . . . ." (Doc. 92 at 20.) Plaintiffs included a similar request regarding Defendant Kennedy. (Id. at 21.)

The trial on this case was set to begin on July 15, 2019 in Savannah, Georgia. (Doc. 151 at 2.) However, on July 12, 2019, following a telephone conference with the Court, Plaintiffs accepted a settlement offer from Defendants for $850,000 in an e-mail.[1] (Doc. 152, Attach. 1.) In this e-mail, Plaintiffs' counsel told Defendants' counsel that he would "notify the court of the settlement and release all witnesses we have under subpoena." (Doc. 152, Attach. 1.) On the same day, Plaintiffs' counsel sent an email that provided Defendants with Plaintiffs' W-9 form and instructed Defendants to "order the check and have it made payable to 'Belinda Maley, Estate of Matthew Loflin, Gene Loflin and Jones, Osteen & Jones'." (Doc. 152, Attach. 2.) The following day, July 13, 2019, Plaintiffs' counsel thanked Defendants' counsel for their "professionalism and efforts to get this case resolved." (Doc. 152, Attach. 3.)

---

[1] In Defendants' motions, the settlement amount is redacted. Defendants argue that the settlement agreement requires confidentiality as to the amount. (Doc. 153 at 3, n. 1.) The Court will not redact the amount because Plaintiffs specifically objected to the confidentiality provision. (Doc. 155, Attach 4.)

2

On July 16, 2019, Defendants' counsel emailed the Confidential Settlement Agreement and Release (Doc. 153, Attach. 5) to Plaintiffs' counsel, but Plaintiffs' counsel responded by informing Defendants that he does not "typically enter into any release especially when, as here, the statutes of limitation and repose have run. Upon receipt of the settlement proceeds, I will file a dismissal with prejudice." (Doc. 152, Attach. 4.) Plaintiffs' counsel sent another e-mail on July 18, 2019 objecting to certain confidentiality provisions of the Confidential Settlement Agreement and Release. (Doc. 155, Attach. 4.) Following Plaintiffs' counsel's instructions, Defendants remitted the settlement proceeds to Plaintiffs on July 26, 2019, with a letter stating that the payment "represents full and final settlement of all claims asserted by Ms. Maley against Corizon Health, Inc. and Dr. Scott Kennedy." (Doc. 155, Attach. 5.) The check was made payable to Plaintiffs and their counsel. (Doc. 155, Attach. 5.)

On August 29, 2019, over a month after receiving the settlement proceeds, Plaintiffs filed their Motion for Attorneys' Fees and Costs. (Doc. 151.) Subsequently, on September 10, 2019, Defendants filed their Motion to Enforce Settlement (Doc. 152) and Brief in Opposition to Plaintiffs' Motion for Attorneys' Fees and Costs (Doc. 153). On September 23, 2019, Plaintiffs filed their Reply to Defendants' Response to Plaintiffs' Motion for Attorneys' Fees and Costs (Doc. 155) and their Response in Opposition to

3

Defendants' Motion to Enforce Settlement (Doc. 156). On October 3, 2019, Defendants filed replies to both of Plaintiffs' previously mentioned documents. (Doc. 159; Doc. 160.) As of the date of this order, Plaintiffs have not signed the settlement agreement or filed a notice of dismissal.

**ANALYSIS**

I. Motion to Enforce Settlement

In their Motion to Enforce Settlement, Defendants argue that the parties have a valid, enforceable agreement because "correspondence between the parties demonstrates mutual assent to the terms of the settlement agreement . . . ." (Doc. 152 at 7.) Specifically, Defendants assert that Plaintiffs' behavior indicates that the remittance of settlement proceeds was for "full settlement of all claims" against Defendants. (Doc. 152 at 8.) Defendants contend that "Plaintiffs' acceptance was unequivocal and did not carve out any exceptions or conditions . . . . Thereafter, all parties acted consistently with a complete compromise of the case." (Doc. 152 at 7.)

In response, Plaintiffs concede that the case was "settled for a total of $850,000" (Doc. 151 at 3) and "agree that the parties reached a full and final resolution of the underlying substantive § 1983 claims only." (Doc. 156 at 5.) Thus, Plaintiffs' only contention is that the settlement agreement does not include

4

attorneys' fees under 42 U.S.C. § 1988 because they were never discussed. (Doc. 156.)

Federal courts "use the applicable state's contract law to construe and enforce settlement agreements." Vinnett v. Gen. Elec. Co., 271 F. App'x 908, 912 (11th Cir. 2008) (citing Ins. Concepts Inc. v. W. Life Ins. Co., 639 F.2d 1108, 1111-12 (5th Cir. 1981)). Under Georgia law, "in order to succeed on a motion to enforce a settlement agreement, a party must show the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of the [non-movant's] case." Fitzhugh v. AB McDonough's, Inc., No. CV416-113, 2017 WL 937965, at *2 (S.D. Ga. Mar. 9, 2017) (enforcing a settlement where "there was a meeting of the minds between the parties regarding settlement as reflected in . . . emails between the parties' respective counsel.")(quoting DeRossett Enters., Inc. v. Gen. Elec. Capital Corp., 275 Ga. App. 728, 729, 621 S.E.2d 755, 756 (Ga. Ct. App. 2005)).

"A settlement agreement is a contract, and it must meet the same requirements of formation and enforceability as other contracts." DeRossett Enters., Inc., 621 S.E.2d at 756. "A definite offer and complete acceptance, for consideration, create a binding contract." Moreno v. Strickland, 255 Ga. App. 850, 853, 567 S.E.2d 90, 92 (Ga. Ct. App. 2002). Additionally, "the law favors

5

compromise, and when parties have entered into a definite, certain, and unambiguous agreement to settle, it should be enforced." Id. Even where parties have not signed a formal settlement agreement, "letters or documents prepared by attorneys which memorialize the terms of the agreement reached will suffice." Brumbelow v. N. Pipeline Gas Co., 251 Ga. 674, 676, 308 S.E.2d 544, 547 (1983); see also Jackson v. Cooper Lighting, LLC, No. 1:11-CV-067, 2013 WL 1501611, at *2 (M.D. Ga. Apr. 10, 2013) ("[T]he fact that Plaintiff did not sign the agreement does not change the Court's finding that the parties reached an agreement to settle."). Moreover, "[a]ssent to the terms of the agreement can be implied from the circumstances, and conduct inconsistent with a refusal of the terms raises a presumption of assent upon which the other party can rely." Wong v. Bailey, 752 F.2d 619, 621 (11th Cir. 1985) (citing Smith v. Hornbuckle, 140 Ga. App. 871, 875, 232 S.E.2d 149 (Ga. Ct. App. 1977)); see also Blitch Ford, Inc. v. MIC Property & Cas. Ins. Corp., 981 F. Supp. 1475, 1480-81 (M.D. Ga. 1997) (granting a motion to enforce settlement agreement where one party received a check for the full amount of the settlement and did not return the check); Cumberland Contractors, Inc. v. State Bank & Tr. Co., 327 Ga. App. 121, 127, 755 S.E.2d 511, 518-19 (Ga. Ct. App. 2014) (enforcing the terms of an unsigned settlement agreement where the parties had already agreed to the essential terms via e-mail).

As an initial matter, Plaintiffs do not oppose enforcement of this settlement, but assert that the settlement does not represent a full and final settlement of all claims against Defendants, only the § 1983 claims. (Doc. 155, at 5.) The Court finds this assertion inaccurate based on the circumstances surrounding the settlement and Plaintiffs' and Plaintiffs' counsel's conduct.

The e-mails between Plaintiffs' counsel and Defendants' counsel indicate there was a meeting of the minds to settle all claims against Defendants. In their July 12, 2019 e-mail, Plaintiffs explicitly and unconditionally accepted Defendants offer to settle the case for $850,000. (Doc. 152, Attach. 1.) On the same day, Plaintiffs' counsel provided Defendants with Plaintiffs' W-9 form and instructions to address the check to "Belinda Maley, Estate of Matthew Loflin, Gene Loflin and Jones, Osteen & Jones." (Doc. 153, Attach. 2.) Although Plaintiffs' counsel did indicate that he would "hold the check in trust pending agreement on the language of the release," these e-mails indicate Plaintiffs' assent to a settlement of all claims against Defendants. (Doc. 153, Attach. 2.) Plaintiffs' counsel even thanked Defendants' counsel for their efforts "to get this case resolved" in his July 13, 2019 e-mail. (Doc. 153, Attach. 3.) In another e-mail on July 17, 2019, Plaintiffs' counsel represented that all claims against Defendants were within the scope of the settlement when he assured the Defendants that "[u]pon receipt of

the settlement proceeds, I will file a dismissal with prejudice."
(Doc. 153, Attach. 4.)

Although Plaintiffs' counsel gave numerous assurances that the case had been fully resolved, Plaintiffs did not sign the Confidential Settlement Agreement and Release (Doc. 153, Attach. 5) sent by Defendants. However, the lack of a signature on a formal agreement does not negate that the parties had a meeting of the minds as to the resolution of this case. Cumberland Contractors, Inc., 327 Ga. App. at 126, 755 S.E.2d at 518-19. In addition to Plaintiffs' e-mails, other conduct by Plaintiffs indicates that the settlement fully resolved all claims against Defendants. First, following Plaintiffs' instructions, Defendants remitted the settlement proceeds to Plaintiffs on July 26, 2019. (Doc. 155, Attach. 5.) Defendants sent a letter with the proceeds stating that the remittance "represents full and final settlement of all claims asserted by [Plaintiffs] against [Defendants]." (Id.) Instead of refusing the proceeds and objecting to the letter's assertions, Plaintiffs accepted the money and remained silent. This conduct is inconsistent with a refusal of a full settlement of claims. As a result of Plaintiffs' counsel's reassuring e-mails, Plaintiffs' acceptance of the settlement proceeds, and Plaintiffs' failure to object to all claims being within the scope of the settlement, this Court finds the parties had a meeting of

the minds as to the settlement of this case. Therefore, Defendants' Motion to Enforce Settlement (Doc. 152) is **GRANTED**.

II. <u>Motion for Attorneys' Fees and Costs</u>

In their Motion for Attorneys' Fees and Costs, Plaintiffs admit that their "deliberate indifference claims against [Defendants] were settled for a total of $850,000 which sum the defendants have paid." (Doc. 151 at 10.) However, Plaintiffs contend that because their original complaint sought relief for the § 1983 claims and the settlement proceeds acted as damages for their claims, Plaintiffs' receipt of the settlement proceeds makes them the prevailing party. (Doc. 151 at 10.) Plaintiffs request that the Court "enter a final order of dismissal" memorializing the settlement of the § 1983 claims and granting Plaintiffs $235,866.83 in attorneys' fees and $26,281.72 in litigation costs as the prevailing parties. (Doc. 151 at 11.) Finally, Plaintiffs assert that they did not waive § 1988 attorneys' fees because their complaint and proposed jury charges were silent on Plaintiffs' § 1988 claims and, therefore, Defendants should have known those claims were not included in the settlement. (Doc. 155 at 9-11.)

Defendants oppose the motion on three grounds. First, Defendants argue that "no final judgment has been entered in this case" and, therefore, Plaintiffs cannot be prevailing parties. (Doc. 153 at 2.) Second, Defendants assert that "Plaintiffs agreed to release all claims against Defendants pursuant to the

9

[s]ettlement which . . . included attorneys' fees and costs." (Doc. 153 at 2.) Lastly, Defendants contend that even if Plaintiffs' request for attorneys' fees and costs is appropriate, the requested amount is unreasonable.[2] (Doc. 153 at 2.)

In civil rights cases brought pursuant to 42 U.S.C. § 1983, the award of attorneys' fees is governed by 42 U.S.C. § 1988. Under § 1988, "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs . . . ." 42 U.S.C. § 1988(b). Even where a plaintiff has entered a private settlement agreement, he can be considered a prevailing party when the agreement has been adopted in a formal consent decree, the terms of the settlement have been incorporated into the final order of dismissal, or the district court has retained jurisdiction to enforce the terms of the settlement. Smalbein v. City of Daytona Beach, 353 F.3d 901, 905 (11th Cir. 2003).

In this case, Plaintiffs have not reached prevailing party status. The agreement between the parties has not been adopted in a formal consent decree, the terms have not been incorporated into an order or dismissal, and this Court has not retained jurisdiction to enforce the settlement. However, even assuming that by granting

---

[2] Because the Court finds that Plaintiffs are not entitled to § 1988 attorneys' fees, the Court will not address whether the requested fees are reasonable.

10

Defendants' Motion to Enforce settlement Plaintiffs could arguably be considered prevailing parties, an award of § 1988 attorneys' fees to Plaintiffs would be unjust.

Generally, a prevailing party is entitled to reasonable attorneys' fees " 'unless special circumstances would render such an award unjust.' " Crowder v. Hous. Auth. of City of Atlanta, 908 F.2d 843, 848 (11th Cir. 1990) (quoting Hensley v. Eckerhart, 461 U.S. 424, 429, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983)). One circumstance which might justify the denial of a fee award to a prevailing plaintiff is "where the plaintiff through a settlement or consent order agreed to compromise his right to pursue subsequent fees." Love v. Deal, 5 F.3d 1410 (11th Cir. 1993) (quoting Maloney v. City of Marietta, 822 F.2d 1023 at 1027 (11th Cir. 1987)).

Plaintiffs continuously cite to Smalbein v. City of Daytona Beach, 353 F.3d 901 (11th Cir. 2003), for the contention that a party can qualify as prevailing even where their claims were settled pursuant to a settlement agreement and, therefore, the Court's enforcement of the present settlement would make Plaintiffs the prevailing parties. (Doc. 151 at 8.) However, the Smalbein facts are materially different than the present case. In Smalbein, the "original complaint solely sought relief in the form of monetary damages for the § 1983 claims." 353 F.3d at 907. Moreover, both parties in Smalbein "knew and accepted the fact

that attorney's fees and costs were being sought by [plaintiffs] . . . ." Id. at 908.

The Fifth Circuit Court of Appeals addressed facts much like the present case in Bell v. Schexnayder, 36 F.3d 447 (5th Cir. 1994). In Bell, with trial three days away, the parties agreed by phone to settle the § 1983 claims for $10,000 and defendants' counsel wrote plaintiffs' counsel that the court had been notified of the settlement. 36 F.3d at 448. Approximately two months later and without any notification that the settlement was exclusive of attorneys' fees, plaintiffs' counsel filed a motion for attorneys' fees under § 1988. Id. The Fifth Circuit denied plaintiffs' request and enforced the settlement because:

> [e]vidence was presented that, by all outward appearances, the settlement negotiations were intended to resolve all claims and release the defendants from all liability relating to the subject matter of the suit. To the extent that plaintiffs' counsel harbored a secret intent to seek attorney's fees—after the parties had agreed on a settlement amount . . .—that intent was concealed from Defendants.

36 F.3d at 450; see also Young v. Powell, 729 F.2d 563, 566 (8th Cir. 1984) (finding that inclusion of attorneys' fees in plaintiffs' complaint indicated that a claim for attorneys' fees fell within the scope of a settlement agreement); Elmore v. Shuler, 787 F. 2d 601, 603 (D.C. Cir. 1986) (finding that under circumstances where attorneys' fees were pled in the complaint but not discussed in settlement negotiations, "the burden of

preserving the complaint's demand for fees from preclusion by the release is properly assigned to the party whose compensation is at stake.").

The present case is analogous to <u>Bell</u>. Plaintiffs gave Defendants no indication that a claim for § 1988 attorneys' fees and costs were not within the scope of the settlement for $850,000. Plaintiffs received the settlement proceeds and waited over a month to file their motion for attorneys' fees. (Doc. 155 at 2.) Plaintiffs' and Plaintiffs' counsel's behavior is consistent with a waiver of § 1988 attorneys' fees.

Additionally, Plaintiffs' original complaint (Doc. 1) and amended complaint (Doc. 92) sought reasonable attorneys' fees and costs as relief for the § 1983 claims against Defendants. As a result, Defendants could reasonably assume that any claims for attorneys' fees fell within the scope of the settlement of the § 1983 claims. Moreover, Plaintiffs' request for attorneys' fees in their complaint makes this case materially different from <u>Smalbein</u> where the plaintiffs sought damages solely for the § 1983 claims. 353 F.3d at 907.

Even if Plaintiffs' requests for attorneys' fees in their complaint could be considered independent from their request for § 1988 attorneys' fees, Plaintiffs did not notify Defendants of their intention to seek § 1988 fees. Unlike the parties in <u>Smalbein</u>, who both "knew and accepted the fact that attorney's

13

fees and costs were being sought by [plaintiffs]", Defendants had no knowledge that the § 1988 fees were not included in the settlement. 353 F.3d at 908. Plaintiffs' counsel instructed Defendants to make the check payable to Plaintiffs and Plaintiffs' counsel. (Doc. 152, Attach. 2.) Plaintiffs did not object to the Defendants' letter stating that payment of the settlement proceeds was for "full and final settlement of all claims . . . ." (Doc. 155, Attach. 5.) Plaintiffs also did not object to the provision in the Confidential Settlement Agreement and Release that stated "[e]ach party to this [settlement] shall bear their own attorneys' fees, costs, and expenses . . . ." (Doc. 153, Attach. 5.) Plaintiffs' counsel only asserted that his clients did not accept the confidentiality provision, and stated, "[i]f this is going to be anything other than payment of the $850,000 . . . and me dismissing the case, I would appreciate you letting me know as soon as possible." (Doc. 155, Attach. 4.) In the same e-mail, Plaintiffs' counsel goes on to reprimand Defendants' counsel for changing their position on the settlement offer prior to Plaintiffs' acceptance. (Id.) Plaintiffs cannot now change their position and request additional payment from Defendants. Therefore, Plaintiffs' Motion for Attorneys' Fees and Costs (Doc. 151) is **DENIED**.

## CONCLUSION

For the foregoing reasons, the Court finds that Defendants' Motion for Enforcement of Settlement is **GRANTED**. Therefore, the parties are **DIRECTED** to enter into and execute a formal settlement agreement within **fourteen (14) days** of this Order. Additionally, Plaintiffs' Motion for Attorneys' Fees and Costs is **DENIED**. Upon the full execution of the settlement agreement contemplated hereby, the parties are **DIRECTED** to execute and file with the Clerk a stipulation of dismissal with regards to this action.

SO ORDERED this 8th day of November 2019.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA